**Wilbur DEWEY et al., Plaintiffs-Appellants,**

v.

**Roland FARCHONE et al., Defendants-Appellees.**

**No. 71-1450.**

United States Court of Appeals, Seventh Circuit.

May 3, 1972.

Harold G. Lindholm, Peoria, Ill., Mills & Lange, St. Louis, Mo., for plaintiffs-appellants.

William J. Voelker, Jr., Stephen S. Buckley, Heyl, Royster, Voelker & Allen, Peoria, Ill., for defendants-appellees.

Before PELL and SPRECHER, Circuit Judges, and DILLIN, District Judge.*

PER CURIAM.

This diversity case questions the propriety of dismissing with prejudice a personal injury claim where the plaintiffs failed to obtain service reasonably diligently upon the only defendant served. In its fruitless and nomadic career, this cause has wandered through three federal districts.

On January 28, 1968, on U.S. Route 66 in Livingston County, Illinois, an automobile carrying the three plaintiffs collided with a truck driven by one defendant and owned by the other two. As a result, two complaints were filed in the Eastern District of Missouri, Eastern Division, on January 27, 1970, alleging that the plaintiffs were all citizens of Missouri, that the defendants were all citizens of Wisconsin, and that the amount involved exceeded $10,000.

The original filing of the complaints in Missouri occurred within two days of the running of the applicable two-year statute of limitations. Ill.Rev.Stat. ch. 83, § 15 (1966).

One of the defendants, Roland Farchone, was never found nor served. Another defendant named in the complaints was Charles Cotton. A Charles Cotton was served in Waukesha, Wisconsin, on February 20, 1970, but it developed that he was the wrong Charles Cotton and the complaints were eventually dismissed as to him.

The third and last defendant, Walter S. Olsen, Jr., was served at Dresser, Wisconsin, on February 3, 1970, by a United States marshal. On February

---

* District Judge S. Hugh Dillin of the Southern District of Indiana is sitting by designation.

24, 1970, Olsen appeared specially and moved to quash the service of summons as invalid.

On April 2 and April 21, 1970, the district court in Missouri entered orders holding the service on Olsen invalid and, at the plaintiffs' request, transferring both cases to the Eastern District of Illinois. The cases arrived in the Eastern District on April 6, 1970. On May 5, the district judge entered an order on his own motion: "The plaintiff having misdirected the transfer to the Eastern District of Illinois, instead of the Southern District of Illinois, the place where plaintiff's claim occurred, the court will accordingly transfer the case to the proper district." The files in both cases arrived in the Southern District, Northern Division on May 11.

What the district court in the Southern District described as "valid service" of summons was obtained on defendant Olsen on November 25, 1970. Olsen filed his motion to quash service of summons and to dismiss both cases. The two cases were subsequently consolidated.

On April 12, 1971, the district court dismissed the consolidated cases with prejudice, pointing out that the Illinois statute of limitations had expired on January 28, 1970, and that the first valid service on Olsen was made almost ten months later and six and a half months after the case was transferred to its final resting place in the Southern District of Illinois.

The plaintiffs appeal. We affirm.

Since federal jurisdiction is based on diversity and since the cause arose in Illinois, Illinois law applies. Ragan v. Merchants Transfer & Warehouse Co., 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949); Speight v. Miller, 437 F.2d 781, 782 (7th Cir.), cert. denied, 404 U.S. 827, 92 S.Ct. 60, 30 L.Ed.2d 55 (1971); Mayo Clinic v. Kaiser, 383 F.2d 653, 656 (8th Cir. 1967).

■ Illinois Supreme Court Rule 103(b) provides that a cause of action "shall" be dismissed with prejudice if the plaintiff fails "to exercise reasonable diligence to obtain service" after the expiration of the applicable statute of limitations. Ill.Rev.Stat. ch. 110A, § 103(b) (1970). Although under Illinois law, as under federal law, a suit is commenced when the complaint is filed, "a plaintiff might file a complaint near the end of the statutory time limit, and then delay service of summons for an indefinite period, thereby virtually nullifying the time limit as any protection to a defendant against stale claims." Kohlhaas v. Morse, 36 Ill.App.2d 158, 162, 183 N.E.2d 16, 19 (1962). This reasoning led to the adoption of the Illinois Supreme Court rule.

Federal courts have followed state "reasonable diligence" statutes and rules in diversity cases. Smith v. Skakel, 444 F.2d 526 (6th Cir. 1971); Murphy v. Citizens Bank, 244 F.2d 511 (10th Cir. 1957).

■■ The Illinois courts have held that dismissal for lack of diligence in obtaining service is addressed to the sound discretion of the court and that a reviewing court will interfere only where there is an abuse of discretion. Mosley v. Spears, 126 Ill.App.2d 35, 40, 261 N.E.2d 510, 513–514 (1970). A federal district judge likewise has the discretion to dismiss a case with prejudice "[f]or failure of the plaintiff to prosecute," Fed.R.Civ.P. 41(b). Failure to serve process within a reasonable time may amount to want of prosecution. Howmet Corp. v. Tokyo Shipping Co., 318 F.Supp. 658, 661 (D.Del.1970).

■ In the present case, the district court made the "determination that the plaintiffs have not exercised reasonable diligence." The record does not disclose any attempt by the plaintiffs to justify their delay. No reason is advanced why summons was not even requested by plaintiffs' attorney until more than six months after the case was finally transferred to the Southern District of Illinois. The district court in its dismissal order also pointed out that written interrogatories filed and served on the

plaintiffs on January 25, 1971, had not been answered by April 12. And, of course, it was the plaintiffs who erroneously filed the action in Missouri within two days of the expiration of the two-year statute and who erroneously requested its transfer to the Eastern District of Illinois.

Under these circumstances, we cannot say that the district court abused its discretion.

Judgment affirmed.