Dr. Donald SLAUGHTER et al., Plaintiffs,

v.

Dr. James G. HAUGHTON et al., Defendants.

No. 79 C 4084.

United States District Court, N. D. Illinois, E. D.

Feb. 13, 1981.

---

Terence M. Heuel, Leake, Esposito & Heuel, Chicago, Ill., for plaintiffs.

Richard T. Franch and Jane A. McAtee, Jenner & Block, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

### SHADUR, District Judge.

Drs. Donald Slaughter ("Dr. Slaughter") and Curtiss Durand ("Dr. Durand") have filed this three-count complaint stemming from the allegedly unlawful termination of their respective employments as physicians at Cook County Hospital. Counts I (for both plaintiffs) and III (for Dr. Slaughter) charge violations of 42 U.S.C. § 1983 ("Section 1983"), while Count II states a pendent cause of action for Dr. Slaughter for breach of contract. Defendant Dr. Julian Berman ("Dr. Berman") has moved for his dismissal from this action with prejudice.[1] For the

---

1. Paragraph 17 of Complaint Count II, a pendent state law claim based on breach of contract, alleges that "Defendants have breached the employment agreement with Slaughter." But the term "defendants" as used in that Paragraph plainly does not include Dr. Berman. Complaint Paragraphs 7 and 8, which are part of the substantive allegations that are incorporated into and embody the gravamen of Count II, describe Dr. Berman's duties as involving *recruitment* of doctors, encompassing only new applications for residency. There is no allegation that Dr. Berman was involved in termination of contracts. Hence this opinion deals only with the Section 1983 claims.

reasons stated in this memorandum opinion and order, Dr. Berman's motion is granted.

Drs. Slaughter and Durand were interns at Cook County Hospital. Their complaint essentially charges that their terminations were unlawful because they were in retribution for their attempts to exercise legitimate First Amendment rights. They originally filed suit on their claims in 1974 as case number 74 C 227. On September 28, 1978 that prior action was dismissed for want of prosecution without prejudice. Just one day less than a year later, on September 27, 1979, this action was filed. Dr. Berman argues that this action is barred as to him because of the applicable statute of limitations or, alternatively, that it should be dismissed for want of prosecution.

### Statute of Limitations

■ Section 1983 does not contain its own statute of limitations. Federal courts must therefore look to analogous state statutes of limitations, including their coordinate tolling rules, unless "inconsistent" with federal law. *Board of Regents of the University of the State of New York v. Tomanio*, 446 U.S. 478, 483–86, 100 S.Ct. 1790, 1794, 64 L.Ed.2d 440 (1980). Our Court of Appeals has determined that a five-year statute of limitations (Ill.Rev.Stat. ch. 83, § 24a) applies to all Section 1983 claims generated by actions committed within the State of Illinois. *Beard v. Robinson*, 563 F.2d 331, 334–38 (7th Cir. 1977).

■ As to all claims based on termination of employment, that five-year period expired for plaintiff Slaughter on March 21, 1979 and for plaintiff Durand on July 1, 1979 (the dates five years had elapsed since their respective terminations from hospital employment).[2] Thus plaintiffs' complaint can survive only if it comes within the provisions of Ill.Rev.Stat. ch. 83, § 24a:

> In any of the actions specified in any of the sections of this act or in any other act or in any contract where the time of commencement of any action is limited, if

judgment shall be given for the plaintiff, and the same be reversed upon appeal; or if a verdict passed for the plaintiff, and, upon matter alleged in arrest of judgment, the judgment must be given against the plaintiff; or, if the plaintiff has heretofore been non-suited or shall be non-suited, then, if the time limited for bringing such action shall have expired during the pendency of such suit, the plaintiff, his or her heirs, executors, or administrators, as the case shall require, may commence a new action within one year after such judgment reversed or given against the plaintiff, and not after.

Plaintiffs refiled their action September 27, 1979, one day before its refiling would have been barred by Section 24a. Plaintiffs chose however to wait until September 8, 1980—almost one year after the suit was refiled—to serve Dr. Berman. Dr. Berman was in Chicago during that entire period of time and could readily have been served.

■ Dr. Berman argues that this Court should apply Illinois Supreme Court Rule 103(b), Ill.Rev.Stat. ch. 110A, § 103(b), under which a cause of action may be dismissed if a plaintiff fails to exercise reasonable diligence in obtaining service after a statute of limitations has run. Although that Rule has been applied in diversity cases, see *Dewey v. Farchone*, 460 F.2d 1338 (7th Cir. 1972), it does not apply to a federal cause of action. Under Section 1983 state statutes of limitations (including tolling provisions) are borrowed for the purpose of determining the proper time period within which those statutes must be satisfied. But in any federal cause of action (necessarily including one under Section 1983) the question of *when* and *how* the applicable statute of limitations has been satisfied must be determined as a matter of federal law. This Court has previously held that under Fed.R.Civ.P. ("Rule") 3 the filing of an action (and not the service of process) is both necessary and sufficient to satisfy statutes of limitations. *Badillo v. Central*

---

**2.** Parts of the complaint (see Paragraph 13(d)) allege continuing violations of plaintiffs' rights.

But none of those allegations implicate Dr. Berman.

*Steel & Wire Co.*, 495 F.Supp. 299, 302–04 (N.D.Ill.1980). Therefore Dr. Berman cannot be dismissed on statute of limitations grounds.

### Dismissal for Want of Prosecution

■ Rule 41(b) provides:

> For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.

As already pointed out, plaintiffs did not serve Dr. Berman with process, though he was always subject to such service, for nearly a full year after this action was filed. Moreover, though Dr. Berman promptly filed his motion to dismiss and supporting memorandum in September 1980, plaintiffs have failed to respond to Dr. Berman's motion to dismiss as required by local Rule 13 in the intervening period of over four months. Such "failure of the plaintiff to prosecute" this action against Dr. Berman provides ample basis for a dismissal under Rule 41(b).[3] *See Dewey v. Farchone*, 460 F.2d 1338, 1340 (7th Cir. 1972); *Badillo*, 495 F.Supp. at 303.

### Conclusion

Because plaintiffs have failed to prosecute this action against Dr. Berman, this action is dismissed as to Dr. Berman with prejudice pursuant to Fed.R.Civ.P. 41(b).

---

**3.** This decision has been reached independently of the prior history of the litigation, in which plaintiff's original 1974 lawsuit was itself dismissed for want of prosecution, albeit without prejudice.