**Michele MEREDITH, Plaintiff,**

v.

**George BUSH, Defendant.**

**No. CIV–2–80–104.**

United States District Court,
E. D. Tennessee,
Northeastern Division.

March 13, 1981.

Wayne Joyner, Beverly Hills, Cal., for plaintiff.

David W. Blankenship, Kingsport, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

■ It is axiomatic that due process of law requires proper service of process in order for the Court to obtain *in personam* jurisdiction over each defendant. *Amen v. City of Dearborn*, C.A. 6th (1976), 532 F.2d 554, 557[1]. The burden is on the plaintiff to exercise reasonable diligence to perfect service of process after the filing of the complaint, *Elizabethtown Trust Company v. Konschak*, D.C.Pa. (1967), 267 F.Supp. 46, 48[3], and the burden is also on him to establish that proper service has been made, *Shires v. Magnavox Company*, D.C.Tenn. (1977), 74 F.R.D. 373, 377[7].

■ The failure of a plaintiff to make service of process within a reasonable time may amount to a want of prosecution of his action, *Howmet Corporation v. Tokyo Ship-*ping Co., D.C.Del. (1970), 318 F.Supp. 658, 661[3], and his failure to exercise reasonable diligence in this regard subjects his action to a dismissal for his failure to prosecute it. Rule 41(b), Federal Rules of Civil Procedure; *Anderson v. Air West, Inc.*, C.A. 9th (1976), 542 F.2d 522, 525[5]; *Dewey v. Farchone*, C.A. 7th (1972), 460 F.2d 1338, 1340[3].

A plaintiff's lack of diligence in perfecting service of process " * * * is more fraught with possibilities of unfairness and abuse than failure to diligently prosecute an action after summons is served. For, in the latter case, a defendant has at least a timely opportunity to investigate the claim and prepare its defense. * * *" *Richardson v. United White Shipping Co.*, D.C.Cal. (1965), 38 F.R.D. 494, 495–496[2].

■ The record herein does not reflect that the plaintiff has exercised reasonable diligence to secure service of process on the defendant. The complaint was filed on June 16, 1980, and the summons was returned by the United States marshal service as unexecuted on July 3, 1980. Since that time, it does not appear that the plaintiff has done anything to attempt to cause the service of the defendant.

Within 15 days herefrom, the plaintiff will either secure the service of the defendant or show to the Court any cause why this action should not be dismissed involuntarily for her failure to prosecute it, by exercising reasonable diligence to secure service of process on the defendant.