**CONSOLIDATION COAL COMPANY, Petitioner,**

**v.**

**Marion GOODING, and Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

**No. 82–3023.**

United States Court of Appeals, Sixth Circuit.

Argued Feb. 15, 1983.

Decided April 4, 1983.

David Allen Barnette (argued), Jackson, Kelly, Holt & O'Farrell, Charleston, W.Va., for petitioner.

Jennifer Sargus (argued), St. Clairsville, Ohio, J. Michael O'Neil, Washington, D.C., Benefits Review Bd., U.S. Dept. of Labor, Washington, D.C., for respondents.

Before MERRITT, MARTIN, and WELLFORD, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Consolidation Coal Company, found liable for black lung benefit payments to Marion Gooding, appeals dismissal of its petition for review by the Benefits Review Board of the Department of Labor. The Board dismissed Consolidation's petition when the company failed to file a required brief or to respond to a Board-issued show cause order. The only issue before us is whether the Board abused its discretion in dismissing the company's petition. We find it did not. Accordingly, we affirm.

The Black Lung Benefits Act, Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. § 901–45, establishes a predominantly employer-funded compensation program for coal miners who are totally disabled by pneumoconiosis (black lung disease). On March 2, 1977, Gooding, a former miner employed by Consolidation, filed a claim under the Act. After examining medical and other evidence submitted by Gooding and Consolidation, the Deputy Commissioner issued an initial determination of liability. Consolidation, contesting the Commissioner's findings, refused to make payments. Therefore, as provided in the regulations accompanying the Act, the case was referred to an administrative law judge for a hearing *de novo.* 20 C.F.R. § 725.45–83. On March 20, 1981, the judge issued his decision upholding the findings of the Deputy Commissioner. On April 3, 1981, Consolidation filed a timely notice of appeal to the Benefits Review Board.

The practices and procedures to be followed by the Benefits Review Board are set forth in 20 C.F.R. § 802.101–411. Under section 802.210, once the Board acknowledges receipt of a party's notice of appeal, that party has thirty days within which to submit a petition for review setting forth its contentions and the questions of law and fact raised by the appeal and a supporting brief. If the Board does not receive the petition and brief within the time allotted, it may, in its "discretion," deem the appeal abandoned.

On June 10, 1981, the Board acknowledged receipt of Consolidation's notice of appeal and notified the company that it had until July 10 to submit the required documents. The Board received no answer. On October 2, 1981, it issued an order to show cause within ten days why the appeal should not be deemed abandoned. Again the Board was met with silence. On November 12, 1981, the Board dismissed Consolidation's appeal.

The first communication of any sort from the company to the Board since the initial notice of appeal arrived November 17 in the form of a motion for reconsideration. That motion was followed, on November 24, by Consolidation's long-awaited brief in support of its petition for review. On January 4, 1982, however, the Board, with one dissent, dismissed the motion for reconsideration.

Consolidation asks us to resurrect its appeal to the Board. It admits error in failing to respond to the Board's entreaties, but whether it claims those communications were never received or whether it places the blame for its delinquency on its counsel's caseload is not entirely clear. It does point to the fact, however, that counsel carries some four thousand black lung cases, that in forty prior appeals he had never had to request an extension, and that

in three years of practice, he had never, until this case, received a show cause order. The federal regulations governing dismissal of languishing appeals before the Board, like the federal rules governing similar situations in the federal courts, are discretionary, not mandatory, emphasizes the company. It concludes by pointing to the admitted backlog in Board cases and argues that, given the backlog, Consolidation's failure to pursue this particular appeal with alacrity did not affect the Board's ability to control its calendar or to decide appeals.

## I.

Section 802.402(a), 20 C.F.R. § 802.402 of the federal regulations prescribing the Board's practices and procedures, provides:

> (a) Upon motion by any party or representative or upon the Board's own motion, an appeal may be dismissed upon its abandonment by the party or parties who filed the appeal. *Within the discretion of the Board,* a party may be deemed to have abandoned an appeal if neither the party nor his representative participates significantly in the review proceedings.

(emphasis added). Consolidation does not argue with the fact that dismissal of its appeal was within the discretion of the Board. It does assert, however, that the Board exercised its discretion improperly in this case.

1. Fed.R.Civ.P. 41(b) provides, in pertinent part:
   **(B) Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him.... Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits. In *Link v. Wabash Railroad Co.,* 370 U.S. 626, 630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962), the Supreme Court held that despite the language of rule 41(b), the power of the courts to dismiss an action is not contingent upon a defendant's motion. The power is "inherent" and permits a court to dismiss a case *sua sponte. Id.* at 630, 82 S.Ct. at 1388.

2. Fed.R.App.P. 3(a) provides:

The power to control its docket via dismissal vested in the Board by virtue of section 802.402 is similar in all significant respects to that vested in the courts by virtue of Fed.R.Civ.P. 41(b)[1] and Fed.R. App.P. 3(a)[2] and 31.[3] In *Link v. Wabash Railroad Co.,* 370 U.S. 626, 630, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962), the Supreme Court acknowledged that there lies with a court a virtually unrestricted "inherent power" to dismiss cases *sua sponte* for lack of prosecution. That power is governed not by rule or statute, said the Court, but by the "control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id.* at 630–31, 82 S.Ct. at 1388–89.

Notwithstanding our "inherent power," this court and others have recognized that dismissal with prejudice is a harsh remedy not to be employed indiscriminantly.

Dismissal with prejudice, however, is an extreme sanction that deprives a litigant of the opportunity to pursue his claim. Although on an appeal from the imposition of such a sanction, this Court will confine its review to a determination of whether the District Court abused its discretion, we have consistently held that dismissal with prejudice is warranted

(a) **Filing the Notice of Appeal.** An appeal permitted by law as of right from a district court to a court of appeals shall be taken by filing a notice of appeal with the clerk of the district court within the time allowed by Rule 4. Failure of an appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the court of appeals deems appropriate, which may include dismissal of the appeal. Appeals by permission under 28 U.S.C. § 1292(b) and appeal by allowance in bankruptcy shall be taken in the manner prescribed by Rule 5 and Rule 6, respectively.

3. Fed.R.App.P. 31 provides:
   (c) **Consequence of Failure to File Briefs.** If an appellant fails to file his brief within the time provided by this rule, or within the time as extended, an appellee may move for dismissal of the appeal. If an appellee fails to file his brief, he will not be heard at oral argument except by permission of the court.

only where "a clear record of delay or contumacious conduct by the plaintiff" exists ... and "a lesser sanction would not better serve the interests of justice." *Gonzalez v. Firestone Tire and Rubber Co.,* 610 F.2d 241, 247 (5th Cir.1980). *See Edsall v. Penn Central Transportation Co.,* 479 F.2d 33 (6th 1973); *Reizakis v. Loy,* 490 F.2d 1132 (4th Cir.1974) (emphasizing the balance between a court's power to prevent delays by dismissal and the "sound public policy" of deciding cases on their merits).

■ Accepting, as we do, the sound public policy of reaching the merits of the dispute, we find no conflict between that policy and the Board's disposition of this case. Unlike those cases cited by Consolidation and referred to by us above, this case is not one where dismissal will deny the litigant its "day in court." The company's case against extending benefits to Gooding has been heard by both the Deputy Commissioner and the administrative law judge. Both considered the company's factual and legal claims and found for Gooding. In such a situation, the litigant has received all that due process requires. *Anderson National Bank v. Luckett,* 321 U.S. 233, 246, 64 S.Ct. 599, 606, 88 L.Ed. 692 (1944).

Moreover, in the circumstances of this case, we do not think it unreasonable, or beyond "the permissible range of the court's discretion," *Link,* 370 U.S. at 633, 82 S.Ct. at 1390, to conclude that Consolidation was either engaged in dilatory tactics or, at the very least, half-heartedly pursuing its appeal. Over a period of five months, the Board sent two communications to which it received no replies. The leniency with which the Board approached both the thirty-day limitation in the June communique and the ten-day limitation in the October show cause order convinces us that the Board gave Consolidation more than ample leeway in which to conform its actions to the Board's requirements.

That counsel may have been engaged in four thousand similar black lung cases and error-free in forty previous appeals is not persuasive. To the contrary, a volume of litigation in this area as large as petitioner's counsel's must, at the very least, have given him a better than average knowledge of the rules and regulations governing practice before the Board. Moreover, Consolidation voluntarily chose its counsel. It may not now avoid the consequences of the acts or omissions of this freely-selected agent. *Link,* 370 U.S. at 633–34, 82 S.Ct. at 1390.

■ Finally, while we do not mean to diminish the role that the Board plays in reviewing decisions of the administrative law judge, we note parenthetically that the Board's role is a limited one. Where a judge's findings are supported by substantial evidence, are rational, and are consistent with the law, they will not and cannot be overturned by the Board. 33 U.S.C. § 921; *Parker v. Director, Office of Workmen's Compensation,* 590 F.2d 748, 749 (8th Cir.1979). For the unsuccessful litigant appealing to the Board, it is a difficult standard to meet and not one which, on the basis of our brief inspection of the record, we suspect petitioner could meet in this case.

The order of the Board dismissing Consolidation's petition for review is affirmed.