762 F.2d 1010
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
MOSES E. POPE, PLAINTIFF-APPELLANT,
v.
MEMPHIS POLICE DEPARTMENT, DEFENDANT-APPELLEE.
 NO. 84-5512
 United States Court of Appeals, Sixth Circuit.
 4/4/85
 ORDER
 
 1
 BEFORE: MARTIN and JONES, Circuit Judges; and HOLSCHUH, District Judge.*
 
 
 2
 Plaintiff appeals from the district court's order dismissing his complaint alleging race discrimination in employment. The case has been referred to a panel of this Court pursuant to Sixth Circuit Rule 9(a). Upon examination of the briefs and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 Plaintiff commenced this action on December 28, 1982, by filing a handwritten letter and an EEOC right to sue letter. On January 10, 1983, the district court ordered that the right to sue letter be filed and treated as a complaint on a 'Pauper's Oath.' However, the 'complaint' was never served on the defendant and plaintiff filed no further pleadings. On May 23, 1984, the district court sua sponte dismissed the case under Rules 4(j) and 41(b), Federal Rules of Civil Procedure, for plaintiff's failure to serve defendant and for failure to prosecute.
 
 
 4
 Dismissal of this case under Rule 4(j) was improper. Rule 4(j) was not in effect until February 26, 1983. See Pub.L. 97-462 Secs. 2(7), 4. Since the complaint in this case was file-stamped December 28, 1982, and pauper status was granted January 10, 1983, Rule 4(j) did not apply.
 
 
 5
 The district court also cited Fed.R.Civ.P. 41(b) in dismissing the case. A federal court has the authority to dismiss a case sua sponte with prejudice under Rule 41(b) for failure to prosecute. Link v. Wabash Railroad, 370 U.S. 626 (1962); Consolidation Coal Co. v. Gooding, 703 F.2d 230 (6th Cir. 1983). However, a dismissal with prejudice under Rule 41(b) is warranted only when a "'clear record of delay or contumacious conduct by the plaintiff' exists . . . and 'a lesser sanction would not better serve the interest of justice."' Consolidation Coal Co. v. Gooding, supra, 703 F.2d at 233, quoting Gonzalez v. Firestone Tire & Rubber Co., 610 F.2d 241 (5th Cir. 1980). Dismissal for failure to prosecute is disfavored and should be used only in extreme situations. Consolidation Coal Co. v. Gooding, supra; Holt v. Pitts, 619 F.2d 558 (6th Cir. 1980).
 
 
 6
 The district court cited plaintiff's failure to effect service or otherwise proceed with the case for over sixteen months as the grounds for dismissal. Failure to effect service within a reasonable time may constitute failure to prosecute. Braxton v. Bi-State Development Agency, 728 F.2d 1105 (8th Cir. 1984); Novak v. World Bank, 703 F.2d 1305 (D.C. Cir. 1983); Dewey v. Farchone, 460 F.2d 1338 (7th Cir. 1972); Meredith v. Bush, 90 F.R.D. 512 (E.D. Tenn. 1981). The burden is on the plaintiff to exercise due diligence to ensure that proper service has been made. Meredith v. Bush, supra; Campbell v. United States, 496 F.Supp. 36 (E.D. Tenn. 1980). However, when a plaintiff is proceeding in forma pauperis, the officers of the court are required to issue and serve process under 28 U.S.C. Sec. 1915(c). LeGrand v. Evan, 702 F.2d 415 (2d Cir. 1983); Davis v. Department of Corrections, 446 F.2d 644 (9th Cir. 1971). In addition, under former Rule 4(a) of the Federal Rules of Civil Procedure, which was in effect when plaintiff filed his complaint, the clerk was required to issue summons to the federal marshals. There is nothing in the record showing why the clerk's office failed to issue the summons as required by former Rule 4(a). The plaintiff cannot be held responsible for the clerk's failure to perform his duties. See Vina v. Hub Electric Co., 480 F.2d 1139 (7th Cir. 1973).
 
 
 7
 The district court's second ground for dismissal, plaintiff's inaction after the complaint was filed, also does not support dismissal in this case. A dismissal with prejudice for failure to prosecute requires not only 'delay or contumacious conduct' but also some determination by the district court that a lesser sanction would not better serve the ends of justice. Consolidation Coal Co. v. Gooding, supra; accord, Tolbert v. Leighton, 623 F.2d 585 (9th Cir. 1980); Titus v. Mercedes Benz of North America, 695 F.2d 746 (3d Cir. 1982); Asociacion de Empleados del Instituto de Cultura Puertorriquena v. Rodriguez Morales, 538 F.2d 915 (1st Cir. 1976). In this case, plaintiff's failure to complete service was unexplained, the district court did not notify plaintiff of the possible dismissal of the case, and it did not consider any lesser sanctions. Cf. Meredith v. Bush, supra; Campbell v. United States, supra. Under these circumstances, the district court's sua sponte dismissal of the action was an abuse of discretion.
 
 
 8
 Accordingly, it is ORDERED that the district court's judgment is vacated and the case is remanded under Sixth Circuit Rule 9(d)(4) for further proceedings.
 
 
 
 *
 The Honorable John D. Holschuh, U.S. District Judge for the Southern District of Ohio, sitting by designation