817 F.2d 756
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Delbert HALL and Wanda June Hall, Plaintiffs-Appellants,
v.
Sidney N. WHITE, Otis Lanter, Individually and in his
Official Capacity with the Bank of Crittenden, John Wright,
Attorney, Union Investment Company, Charles Weaver, its
President, Gary Edmondson, Attorney at Law, David Beach,
Harold Perkins, Alda Marksberry, Individually and as Agent
for ASCS, Emerson Rider, Individually and as Agent for ASCS,
John Does 1 Through 10, John Roe 11 Through 20, Defendants-Appellees.
 No. 86-5637.
 United States Court of Appeals, Sixth Circuit.
 May 8, 1987.
 
 Before LIVELY, Chief Judge, and ENGEL and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 2
 These pro se plaintiffs, who are husband and wife, appeal from a district court order dismissing their complaint which alleged violations of 18 U.S.C. Sec.Sec. 241, 1341, 1962, 1964(c) and 42 U.S.C. Sec. 1983. The district court dismissed the complaint for failure to prosecute pursuant to Rule 41(b), Federal Rules of Civil Procedure.
 
 
 3
 The district court did not abuse its discretion in dismissing plaintiffs' complaint with prejudice pursuant to Rule 41(b), Federal Rules of Civil Procedure. It is clear from the record that plaintiffs' lack of responsiveness to both pleadings and court orders have caused undue delay in this litigation. The complaint was filed on June 16, 1985. In at least three orders (August 8, 1985, September 23, 1985 and October 30, 1985) the district court requested that the plaintiffs respond to the defendants' motions to dismiss, otherwise their complaint would be dismissed. Plaintiffs did not file their response to the motions to dismiss until January 9, 1986. On March 6, 1986, the district court ordered the plaintiffs to file an amended complaint by April 6, 1986, delineating the charges against all remaining defendants. On April 16, 1986, the district court dismissed plaintiffs' complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure, because the amended complaint had not been filed. Although the district court stated that its holding was pursuant to Rule 41(a), Federal Rules of Civil Procedure, this Court construes the language of the district court's order to be consistent with Rule 41(b), Federal Rules of Civil Procedure.
 
 
 4
 Rule 41(b) provides that an action may be involuntarily dismissed for failure to prosecute. A federal court has the authority to dismiss a case sua sponte with prejudice under Rule 41(b) for failure to prosecute. Link v. Wabash Railroad, 370 U.S. 626 (1962); Consolidation Coal Co. v. Gooding, 703 F.2d 230 (6th Cir. 1983). The standard of review for such a dismissal is whether the district court abused its discretion. Link v. Wabash Railroad, supra; Consolidation Coal Co. v. Gooding, supra.
 
 
 5
 A dismissal with prejudice under Rule 41(b) is warranted only when a "clear record of delay or contumacious conduct by plaintiff exists and a lesser sanction would not better serve the interests of justice." Consolidation Coal Co. v. Gooding, 703 F.2d at 233, quoting Gonzales v. Firestone Tire & Rubber Co., 610 F.2d 241 (5th Cir. 1980). Dismissal for failure to prosecute is disfavored and should only be used in extreme circumstances. Id.; Holt v. Pitts, 619 F.2d 558 (6th Cir. 1980).
 
 
 6
 The factual scenario presented by this case indicates that plaintiffs acted contumaciously by consistently failing to obey the district court's orders. Plaintiffs have not tendered any explanation for their unreasonable actions.
 
 
 7
 Therefore, the district court's judgment is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.