817 F.2d 757
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond Wyatt SMITH, Plaintiff-Appellant,
v.
Robert W. SCHLINKERT, District One, Daniel Bareswilt,
Cincinnati Police, Defendants-Appellees.
 No. 86-4042.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1987.
 
 Before LIVELY, Chief Judge, and ENGEL and KRUPANSKY, Circuit Judges.
 
 ORDER
 
 1
 This matter is before the Court upon consideration of plaintiff's motion for appointment of counsel on appeal from the denial of his Rule 60(b), Federal Rules of Civil Procedure, motion for relief from judgment. The judgment from which plaintiff sought relief dismissed his Sec. 1983 action for failure to comply with a Magistrate's order. Plaintiff has not submitted an informal brief on appeal, although he was requested to do so.
 
 
 2
 On February 13, 1986, plaintiff was ordered to file a narrative statement concerning his case within twenty days. On March 14, 1986, the Magistrate recommended that the case be dismissed because plaintiff failed to submit the statement. Plaintiff did not object to the Magistrate's recommendation and the district court dismissed the case on April 1, 1986.
 
 
 3
 On April 25, 1986, plaintiff moved the district court to reinstate the case on the grounds that he was transferred between federal prisons between March 6, 1986 and March 19, 1986. The district court denied plaintiff's motion on October 23, 1986. Plaintiff filed a notice of appeal on November 12, 1986.
 
 
 4
 This Court's jurisdiction is limited to a determination of whether the district court abused its discretion in denying plaintiff's motion for relief from the judgment of dismissal. Browder v. Director, Department of Corrections of Illinois, 434 U.S. 257, 263 (1978). It is clearly within the discretion of the district court to dismiss an action for failure to prosecute. Link v. Wabash Railroad Co., 370 U.S. 626, 629-32 (1982); Carter v. City of Memphis, Tennessee, 636 F.2d 159, 161 (6th Cir. 1980) (per curiam). A careful review of the record in this case reveals that the dismissal was warranted. See e.g., Coston v. Detroit Edison Co., 789 F.2d 377, 379 (6th Cir. 1986)(per curiam); Consolidation Coal Co. v. Gooding, 703 F.2d 230, 232-33 (6th Cir. 1983).
 
 
 5
 Plaintiff's motion for relief from the judgment of dismissal suggests that no objections were filed to the Magistrate's recommendation because of excusable neglect. However, plaintiff at no point offers an explanation of his failure to submit a narrative statement, nor has he ever submitted such a statement. Further, the record reveals that two earlier orders of dismissal had been entered by the district court due to plaintiff's inaction. Under these circumstances, we find no abuse of the district court's discretion in denying plaintiff's motion for relief from the judgment of dismissal.
 
 
 6
 Upon examination of the record and the brief of the appellees, appellant having filed none, the panel unanimously agrees that oral argument is not needed. Rule 34(a), Fed. R. App. P.
 
 
 7
 It is therefore ORDERED that plaintiff's motion for appointment of counsel be denied; and the judgment of the district court is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.