837 F.2d 475
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
INNER CITY RENAISSANCE DEVELOPMENT CORPORATION, Plaintiff-Appellant,
v.
CITY OF YOUNGSTOWN, Defendant-Appellee.
 No. 87-3025.
 United States Court of Appeals, Sixth Circuit.
 Jan. 26, 1988.
 
 Before KEITH and WELLFORD, Circuit Judges, and HULL, District Judge.*
 PER CURIAM.
 
 
 1
 This appeal concerns whether the district court abused its discretion in dismissing a Sec. 1983 action for lack of prosecution. On March 22, 1985, Inner City Renaissance Development Corporation filed the instant suit against the City of Youngstown under 42 U.S.C. Sec. 1983, alleging that the City's demolition of Inner City's property was a taking in violation of equal protection and due process. Inner City originally had failed a suit based on the alleged wrongful demolition in December 1983. The district judge dismissed that suit on April 26, 1984, for failure to perfect service or show good cause why service was not made. Subsequently, the court granted Inner City's motion for vacation of the dismissal on the grounds that service was perfected but Inner City inadvertently had failed to provide the court with proof of service. On September 27, 1984, the court again dismissed the complaint without prejudice, this time based on Inner City's failure to prosecute its action.
 
 
 2
 Inner City refiled its suit in March 1985. The case was referred to United States Magistrate David S. Perelman, who held two pretrial conferences with the parties' counsel in May and July 1986. At the July 30, 1986 conference, the parties indicated that they were close to achieving a settlement, but that no settlement could be confirmed before the Youngstown City Council reconvened in September 1986. On December 1, 1986, Magistrate Perelman entered the following order: "This Court having been advised in July 1986 that counsel had agreed upon a settlement which was awaiting confirmance subsequent to action by the Youngstown City Council in September, and nothing further having transpired thereafter, IT IS HEREBY ORDERED that the plaintiff's complaint is dismissed for want of prosecution.
 
 
 3
 Inner City argues on appeal that the district court abused its discretion by ordering the ultimate sanction of dismissal when other, less drastic, action may have been more appropriate. This court's review is limited to determining whether the district court abused its discretion in dismissing the action. Carter v. City of Memphis, 636 F.2d 159, 161 (6th Cir.1980). We have held, however, that dismissal for failure to prosecute should be found to be an abuse of discretion unless the situation shows "a clear record of or contumacious conduct by the plaintiff." Id. (quoting Sears, Roebuck & Co., Inc., 586 F.2d 382, 385 (5th Cir.1978)). See also Bishop v. Cross, 790 F.2d 38 (6th Cir.1986).
 
 
 4
 It is not entirely clear from the record or the oral arguments of counsel exactly what transpired between the July 31, 1986, the date of the last pretrial conference, and December 1, 1986, the date of dismissal. Apparently, no settlement offer was ever submitted to the Youngstown City Council for consideration. It further appears that the attorney representing the City in this action left the City law department in October 1986 and that appellant's counsel received no notice of substitution of counsel. Counsel for the City argues that it was Inner City's responsibility to apprise the court of the status of the settlement proposal in the case and that appellant's failure to do so justified the dismissal. This court finds, however, that following the July pretrial conference it was the responsibility of both parties to advise the court within a reasonable time of the actual status of the settlement or any other disposition of the case.
 
 
 5
 This court is not able to determine from the record or the language of the dismissal order whether the district court's dismissal was an abuse of discretion under Carter's standard. In finding a failure to prosecute, Magistrate Perelman may have considered Inner City's previously dismissed action, but the order makes no reference to the prior dismissal. In light of the uncertainty regarding the events preceding the district court's dismissal and the fact that the parties had indicated that a settlement was imminent, we remand the action to the district court to consider other alternatives because sua sponte dismissal. Our decision to remand is influenced by the City counsel's conceded possession of an undated copy of a motion for relief of judgment that appellant's counsel claims to have filed but that is not part of the record. Remand will afford the court and the parties an opportunity to consider this aspect of the case. In remanding this action, this court reminds the district court that dismissal is a harsh sanction and it should consider whether a less drastic sanction will better serve the interests of justice in light of the public policy favoring resolution of disputes on the merits. Consolidation Coal Co. v. Gooding, 703 F.2d 230, 233 (6th Cir.1983).
 
 
 6
 In our consideration of the district court's dismissal, we have no occasion to pass upon the City's argument that Parratt v. Taylor, 451 U.S. 527 (1981), and Vicory v. Walton, 721 F.2d 1062 (6th Cir.1983), cert. denied, 469 U.S. 834 (1984), require that Inner City's action should have been filed in state court rather than in federal court.
 
 
 7
 Accordingly, the judgment of the district court is vacated and the case is REMANDED for further proceedings by the district court in light of this opinion.
 
 
 
 *
 THE HONORABLE THOMAS G. HULL, United States District Court for the Eastern District of Tennessee, sitting by designation