959 F.2d 234
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
G. Richard HOWARD, Petitioner,
v.
UNITED STATES DEPARTMENT OF LABOR, Respondent,
Tennessee Valley Authority, Intervenor-Respondent.
 No. 91-3738.
 United States Court of Appeals, Sixth Circuit.
 April 2, 1992.
 
 1
 Before KEITH and SILER, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 G. Richard Howard, a Tennessee resident, appeals pro se from the final decision of the Secretary of the Department of Labor dismissing his complaint filed under the Energy Reorganization Act of 1974, 42 U.S.C. § 5851. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Howard and several other individuals filed a complaint on August 24, 1989, alleging that they had been blacklisted in a memorandum from the general counsel of TVA to a new vice president. The memorandum reported on the status of several actions alleging retaliation for whistleblowing activities. Howard's complaint was severed from the others and investigated by the Wage and Hour Division, which determined that it was untimely to the extent the complaint attempted to challenge Howard's 1987 discharge, and that the complaint of blacklisting had not been substantiated. Howard appealed and the case was referred to an Administrative Law Judge. The TVA filed a motion for summary judgment. Howard's counsel requested extensions of time to respond in order to pursue discovery, but none was ever initiated. Eventually, Howard filed a response to the motion in which he incorporated allegations regarding subsequent attempts to obtain a government contract for his new company. The ALJ granted TVA's motion for summary judgment. Howard filed a timely appeal to the Secretary, and briefs were filed by both parties. Howard then moved to compel the production of documents. The motion was denied on the ground that the record was closed. The Secretary then issued the final decision adopting the ALJ's findings and dismissing the complaint.
 
 
 4
 Upon consideration, it is concluded that the Secretary's decision is supported by substantial evidence in the record. See DeFord v. Secretary of Labor, 700 F.2d 281, 291 (6th Cir.1983). Howard's claim that he was wrongfully denied discovery is meritless. No timely request for discovery was made. Howard is bound by the omissions of his retained counsel. See Consolidation Coal Co. v. Gooding, 703 F.2d 230, 233 (6th Cir.1983). Moreover, the discovery eventually requested by Howard was irrelevant to this case. The Secretary's finding that Howard's complaint was untimely to the extent it challenged his 1987 discharge is supported by substantial evidence. Although Howard alleged that TVA misled him as to his remedies, he admitted by affidavit on July 5, 1989, that his counsel had informed him of his rights under the ERA and the time limits involved. Nevertheless, he failed to file a complaint within thirty days of his admitted knowledge of the time limits. The Secretary's finding that the blacklisting claim is without merit is also supported by substantial evidence. The challenged memorandum did not threaten or counsel any action against the employees listed. The complaint under review here did not allege any adverse actions taken as a result of the memorandum. Howard's subsequent complaints alleging inability to secure employment due to the alleged blacklisting are not under review in this action.
 
 
 5
 Accordingly, the final decision of the Secretary is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation