Christopher NOEL and Mary Noel, et al., Plaintiffs,

v.

FLEET FINANCE, et al., Defendants.

Nos. Civ.A. 95–73457, Civ.A. 96–73706 and Civ.A. 96–73506.

United States District Court,
E.D. Michigan,
Southern Division.

June 24, 1998.

Marilyn T. Mullane, Michigan Legal Services, Detroit, MI, Francis C. Flood, Kemp, Klein, Troy, MI, Jeffrey M. Weber, Weber & Olcese, Troy, MI, Norman S. Harrison, Saginaw, MI, Michael J. Olcese, Weber & Olcese, Troy, MI, James C. Steffl, Steffl & Flood, Troy, MI, for plaintiffs.

Donald S. Young, Zora E. Johnson, Dykema Gossett, Detroit, MI, Ann Marie Uetz, Detroit, MI, for defendants.

Dan E. Bylenga, Jr., Rhoades, McKee, Grand Rapids, MI, for Schenk, Boncher and Prasher, respondent.

*ORDER GRANTING DEFENDANTS FLEET FINANCE, INC. AND FLEET FINANCIAL GROUP, INC'S MOTION TO DISMISS AS TO CERTAIN PLAINTIFFS*

BORMAN, District Judge.

The Court has before it Defendants Fleet Finance, Inc. and Fleet Financial Group, Inc.'s, Motion to Dismiss filed on May 11, 1998. Plaintiffs have not filed a response as of this date. The Court has considered Defendants' unopposed Motion and will grant it for the reasons stated below.

## I. Background

Defendants Fleet Finance, Inc. and Fleet Financial Group, Inc. (Fleet Defendants) filed a Motion for Order of Payments into Escrow Account based on the fact that eight of the Plaintiffs in this case had failed to make mortgage payments to the Fleet Defendants for over two years. The Court considered the parties' briefs and heard argument from both sides on March 16, 1998. The Court granted the Fleet Defendants' Motion on the record at the hearing, and on March 27, 1998, this Court entered an Order Granting Motion for Order of Payments into Escrow Account. The Order provided, in pertinent part that,

> Plaintiffs Christopher and Mary Noel, Sonny and Rose Gonzales, Leno Jaxon, Michael and Phyllis Garza, and Frank Nixon shall deposit payments with the Clerk of the Court in the following amounts, respectively, beginning April 1, 1998, and continuing on the first date of each following month, until further order of this Court.

| Name | Monthly Payment |
| --- | --- |
| Christopher and Mary Noel | $ 705.39 |
| Sonny and Rose Gonzales | $ 532.69 |
| Leno Jaxon | $ 577.65 |
| Michael and Phyllis Garza | $2,030.42 |
| Frank Nixon | $ 312.42 |

March 27, 1998 Order at 2.

Defendants assert that as of May 5, 1998, the Financial Office for the United States District Court for the Eastern District of Michigan indicated that no deposits had been made by any individual on behalf of any Plaintiff pursuant to this Court's March 27, 1998 Order. The Court's Financial Office

has confirmed that as of June 23, 1998, no deposits had been received into any account in this case.

## II. Discussion

Defendants have asked the Court to dismiss Plaintiffs' case pursuant to Federal Rule of Civil Procedure 41(b) and under the Court's inherent power to protect the administration of justice and to maintain the authority of the Court.

Federal Rule of Civil Procedure 41(b) provides in pertinent part,

> For failure of the plaintiff to prosecute or to comply with these rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision ... operates as an adjudication upon the merits.

Fed.R.Civ.P. 41(b); *Coleman v. American Red Cross,* 23 F.3d 1091, 1094 (6th Cir.1994) ("Under *Rule* 41(b) of the Federal Rules of Civil Procedure, when a plaintiff fails to comply with any order of the court, the defendant may move for dismissal of the action.")

The Supreme Court has recognized, "[t]he inherent powers of federal courts are those which 'are necessary to the exercise of all others.'" *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 764, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980) (quoting *United States v. Hudson,* 7 Cranch 32, 11 U.S. 32, 3 L.Ed. 259 (1812)). The exercise of those powers is paramount to the court's ability to " 'protect [ ] the due and orderly administration of justice and ... maintain[ ] the authority and dignity of the court.'" *Id.* (quoting *Cooke v. United States,* 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767 (1925)). The Sixth Circuit has held that dismissal pursuant to the court's inherent power must be reserved to cases involving 'contumacious conduct' or other flagrant abuses. *Consolidation Coal Co. v. Gooding,* 703 F.2d 230, 233 (6th Cir.1983).

The Court finds that the above-referenced Plaintiffs' failure to make deposits into a court account constitutes a flagrant violation of the Court's Order of March 27, 1998, and warrants dismissal of the claims of the Plaintiffs-in-violation against Defendants Fleet Finance, Inc. and Fleet Financial Group, Inc., pursuant to Fed.R.Civ.P. 41(b) and the inherent powers of the Court.

## III. Conclusion

ACCORDINGLY;

The Court GRANTS Defendants Fleet Finance, Inc. and Fleet Financial Group, Inc.'s Motion to Dismiss with regard to the following Plaintiffs: Christopher and Mary Noel, Sonny and Rose Gonzales, Leno Jaxon, Michael and Phyllis Garza, and Frank Nixon.[1]

---

1. This Order does not affect the claims by the Plaintiffs-in-violation against Defendants Birmingham Bancorp Mortgage Corp., Express Mortgage Brokers, Sterling Mortgage & Investment Co. and John Doe Corporations 1 –10. In addition, the claims of Plaintiffs Sandra Curtis and Molly Myers–Berman against Fleet Finance, Inc. and Fleet Financial Group remain unaffected by this Order.