[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-13054
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 17, 2010
JOHN LEY
CLERK

Agency No. 08-119-ARB

ANTHONY ELLISON,

Petitioner,

versus

UNITED STATES DEPARTMENT OF LABOR,
ADMINISTRATIVE REVIEW BOARD,

Respondent.

_____

Petition for Review of an Order from the
Administrative Review Board, Department of Labor

_____

(June 17, 2010)

Before EDMONDSON, BIRCH and COX, Circuit Judges.

PER CURIAM:

Anthony Ellison filed a complaint against his employer with the Occupational

Safety and Health Administration ("OSHA"), alleging that he was terminated in

retaliation for activities protected under whistleblower provisions of the Clean Air Act, Toxic Substances Control Act, Safe Drinking Water Act, Federal Water Pollution Control Act, Solid Waste Disposal Act, and the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). OSHA found the complaint without merit, and Ellison requested a hearing with the Department of Labor Office of Administrative Law Judges. Prior to the hearing, his employer filed a motion for summary disposition, which an ALJ granted before Ellison filed a response to the employer's motion. Ellison appealed to the Department of Labor Administrative Review Board (ARB), which remanded the case after concluding that the ALJ had incorrectly calculated the due date for Ellison's response to the motion for summary disposition and had prematurely issued its summary decision order. On remand, the ALJ once again granted Ellison's employer summary disposition, and Ellison appealed to the ARB.

The ARB issued a scheduling order, which provided that "Complainant may file an initial brief . . . on or before September 2, 2008. If the Complainant fails to file the initial brief on time, the Board may dismiss the Complainant's appeal." (R.1-57 at 1) (emphasis omitted). On September 6, 2008, Ellison's counsel sent his initial brief to the ARB via Federal Express. The ARB received the brief on September 8. Ellison's employer filed a motion to strike the brief as untimely filed, and the ARB

issued an order to show cause why the brief should not be stricken and the appeal dismissed. Ellison responded to the order and contended that the brief was timely filed. He argued that regulations he believes apply to proceedings before the ARB add five days to the filing period when a document is filed by mail and an additional five days when an order requesting the filing of a document is served by mail. So, according to Ellison, his brief was timely filed because it was received by the ARB before September 12, 2008. In addition, believing that language in the ARB's order to show cause reflected that it had prejudged the issue of the timeliness of his brief, Ellison requested that the ARB and its counsel recuse and/or disclose the names of those involved in issuing the order as well as disclose any *ex parte* communications that may have occurred. The ARB denied these requests and dismissed Ellison's appeal because it concluded that his brief was untimely filed and that counsel's explanation for the late filing was not credible.

Ellison petitioned this court for review of the ARB's order. The petition challenges: (1) the ARB's conclusion that his initial brief was untimely filed; (2) the failure of the ARB to recuse board members that issued the show cause order or to disclose information regarding bias; and (3) the failure to remand his case for consideration of claims against his employer's parent corporation, who Ellison claims is a named defendant in this case that did not respond to his complaint and is in

3

default. In an order dated September 10, 2009, we dismissed Ellison's petition as to claims under the Clean Air Act, Toxic Substances Control Act, and Safe Drinking Water Act because his petition was untimely filed with this court. In this order, we also held that his petition was timely filed and his case could proceed as to claims under the Federal Water Pollution Control Act, Solid Waste Disposal Act, and CERCLA.

The ARB does not have its own procedural regulations. Instead, implementing regulations for the statute under which complaints are filed generally govern an appeal to the ARB. *See* 29 C.F.R. § 24.100 (providing that 29 C.F.R. Part 24 implements procedures for handling retaliation complaints under certain environmental protection statutes, including those that formed the basis for Ellison's claims). The implementing regulation at 29 C.F.R. § 24.110 refers to ARB proceedings. Subsection (b) states that "[t]he Board will specify the terms under which any briefs are to be filed." This means that in the absence of a separate regulation addressing the timing of the filing of briefs, the ARB has discretion, during the course of proceedings before it, to set deadlines for the filing of briefs, to assess compliance with those deadlines, and to determine the consequences for a failure to comply.

4

Ellison argues that 29 C.F.R. Part 24 "incorporates" 29 C.F.R. Part 18, which is titled "Rules of Practice and Procedure for Administrative Hearings Before the Office of Administrative Law Judges." And, Ellison interprets certain regulations in Part 18 to add at least five, and possibly ten days to the deadline for the filing of the initial brief in his appeal. *See* 29 C.F.R. § 18.4(c)(1) and (3). The regulation delimiting the scope of Part 18, however, states that Part 18 applies to proceedings before ALJs; nothing suggests that it applies to proceedings before the ARB. *See* 29 C.F.R. § 18.1. And, a separate provision in Part 18 suggests that its rules do not apply to procedures for appeals. *See* 29 C.F.R. § 18.58 ("The procedures for appeals shall be as provided by the statute or regulation under which hearing jurisdiction is conferred.") *See also Herchak v. America West Airlines, Inc.*, ARB No. 03-057, ALJ No. 02-AIR-12, slip op. at *2 (Dep't of Labor Admin. Rev. Bd. May 14, 2003) (rejecting argument that an untimely petition for review was rendered timely by 29 C.F.R. § 18.4(c)(3)). While in certain contexts, the ARB "often looks to the Rules of Practice and Procedure for Administrative Hearings . . . for guidance on procedural matters," *Madonia v. Dominick's Finer Foods, Inc.*, ARB No. 99-001, ALJ No. 98-STA-2, slip op. at *3 (Dep't of Labor Admin. Rev. Bd. January 29, 1999), the ARB is not bound to do so, and it has never suggested that it would apply the procedures for administrative hearings to determine filing deadlines. Rather, pursuant to 29

5

C.F.R. § 24.110, the ARB may prescribe, through orders in each proceeding before it, the terms for the filing of briefs. And, we will not disturb those rulings unless the ARB abuses its discretion in setting or enforcing filing deadlines.

In the scheduling order for Ellison's appeal, the ARB stated that his brief must be filed "on or before" September 2, 2008. And, it stated that a failure to comply with this deadline could result in the dismissal of the appeal. The ARB, in the exercise of its discretion to manage proceedings before it, informed Ellison of the filing deadline and informed him of the potential consequence for failing to meet that deadline. Even so, Ellison, whose counsel has litigated a number of cases before the ARB and should have been familiar with its procedures, failed to meet the deadline. After providing Ellison an opportunity to show cause why his appeal should not be dismissed and after concluding that he had not offered a credible explanation for the delay, the board applied the same consequence that is contemplated in its order—dismissal of the appeal. We acknowledge that the dismissal of an appeal is a harsh sanction for a procedural error. But because the scheduling order was unambiguous, because Ellison's counsel was an experienced litigator familiar with ARB procedures, and because Ellison was offered an opportunity to justify the filing delay, we cannot conclude that this sanction amounts to an abuse of discretion in this case. We also conclude that Ellison's other contentions on appeal are without merit. Ellison has not

6

presented sufficient evidence of bias to justify disturbing the ARB's order in this case. And, the caption of Ellison's complaint shows that his employer is the only named defendant in this case. (R.1-1 at 1.) Therefore, the ARB had no reason to remand Ellison's case for consideration of claims against another party.

AFFIRMED.