**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0162n.06

No. 11-4312

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Feb 13, 2013**
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| STEPHEN P. DURHAM, | : |
| | : |
| Petitioner, | : |
| | : ON PETITION FOR REVIEW |
| | : FROM THE OFFICE OF |
| v. | : ADMINISTRATIVE LAW |
| | : JUDGES, UNITED STATES |
| DEPARTMENT OF LABOR; | : DEPARTMENT OF LABOR |
| TENNESSEE VALLEY AUTHORITY, | : |
| | : |
| Respondents. | : |

BEFORE:  MOORE and COOK, Circuit Judges; BERTELSMAN, District Judge.[*]

OPINION

PER CURIAM:

Mr. Stephen Durham petitions for review of the Administrative Review Board's dismissal of his appeal for failing to timely file his opening brief as instructed by the Board's brief scheduling order and failing to show good cause.  We **DENY** the petition for review.

As an initial matter, we reject Durham's request to review the Board's decision to dismiss his appeal using a standard of review requiring bad faith.  Final orders of the Secretary of Labor under the Clean Air Act are reviewed by courts using the standard outlined in the Administrative

---

[*] The Honorable William O. Bertelsman, United States District Judge for the Eastern District of Kentucky, sitting by designation.

Procedure Act, 5 U.S.C. § 706 (2). *See* 42 U.S.C. § 7622(c). The Board's dismissal represents a final order of the Secretary and, as such, the standard of review in the APA guides our analysis.

Second, the Board's dismissal for Durham's failure to comply with both the briefing order and the show cause order was not an abuse of its discretion under the Clean Air Act. The Administrative Review Board has authority to "specify the terms under which any briefs are to be filed." 29 C.F.R. § 24.110(b). The Board has "power to control its docket via dismissal . . . similar in all significant respects to that vested in the courts," *Consol. Coal Co. v. Gooding*, 703 F.2d 230, 232 (6th Cir. 1983), and judicial review of a Board dismissal is governed by the APA's abuse of discretion standard. *See Ellison v. Department of Labor*, 384 F. App'x 860, 863 (11th Cir. 2010) (per curiam).

Durham and his attorney separately received copies of the Notice of Appeal and Order Establishing Briefing Schedule, as well as the Board's Order to Show Cause; both orders carried the warning that failure to comply with the order could result in dismissal. As a result, Durham received sufficient notice on two separate occasions that dismissal would result from a failure to comply with the Board's order.

Additionally, Durham's method of responding to the Board's show cause order, by email, was expressly prohibited by the Board. Even this improper medium of responding to the Show Cause Order failed to provide any justification for Durham's procedural deficiencies in pursuing his

appeal, and prompted the Board to state: "Durham's reply to the Board's show cause order offers no comprehensible explanation for his failure to timely file his opening brief."

In light of the Board's clear provision of notice regarding the consequences that would result from successive procedural failures in conjunction with the repeated deficiencies exhibited in Durham's responses, we find that the Board's dismissal does not represent a clear error in judgment, nor was it based on information which did not reasonably support dismissal. *See Carpenter v. Solis,* 439 F. App'x 480, 484 (6th Cir. 2011)("An abuse of discretion occurs when we are left with the 'definite and firm conviction that a trial court committed a clear error of judgment.'") (citation omitted).

The Administrative Review Board is authorized to reject briefs that do not comply with its filing instructions in order to "achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). Durham and his counsel repeatedly failed to comply with these orders, in spite of the Board's attempts to obtain a reasonable explanation for the unreasonable delay. The Board thus acted within its discretion in dismissing Durham's appeal.

For the foregoing reasons, we **DENY** the petition for review.