*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 11a0131p.06

# UNITED STATES COURT OF APPEALS

FOR THE SIXTH CIRCUIT

————————————

WILLIAM HANCOCK,

*Appellant,*

*v.*

No. 09-6203

DANIEL M. MCDERMOTT; MICHAEL
GIGANDET,

*Appellees.*

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 09-00094—Aleta Arthur Trauger, District Judge.

Argued:  December 1, 2010

Decided and Filed:  May 18, 2011

Before:  BATCHELDER, Chief Judge; ROGERS and KETHLEDGE, Circuit Judges.

————————————

**COUNSEL**

**ARGUED:**  William Caldwell Hancock, THE HANCOCK LAW FIRM, Nashville, Tennessee, for Appellant.  Michael Gigandet, LAW OFFICE OF MICHAEL GIGANDET, Pleasant View, Tennessee, Beth Roberts Derrick, OFFICE OF THE UNITED STATES TRUSTEE, Nashville, Tennessee, for Appellees.  **ON BRIEF:** William Caldwell Hancock, THE HANCOCK LAW FIRM, Nashville, Tennessee, for Appellant.  Beth Roberts Derrick, Lloyd E. Mueller, OFFICE OF THE UNITED STATES TRUSTEE, Nashville, Tennessee, for Appellees.

ROGERS, J., delivered the opinion of the court, in which KETHLEDGE, J., joined.  BATCHELDER, C. J. (p. 6), delivered a separate opinion concurring in the conclusion.

———————————

**OPINION**

———————————

ROGERS, Circuit Judge.   Attorney Hancock appeals from the district court's summary affirmance of the bankruptcy court's denial of his application for fees connected with a Chapter 11 bankruptcy.  Hancock's repeated failure to comply with the rules for bankruptcy appeals, however, warranted summary affirmance by the district court without reaching the merits of his appeal.

Hancock represented Barnhill's Buffet, Inc. in its Chapter 11 bankruptcy proceedings from December 2007 through April 2008, when the bankruptcy was converted to a Chapter 7 proceeding and a trustee was appointed.   After Hancock submitted his final fee application to the bankruptcy court, the U.S. Trustee and the Chapter 7 trustee asserted five bases for objecting to the application.  After a week-long trial, the bankruptcy court issued an order denying all of Hancock's fees based on his failure to comply with disclosure rules, abusive conduct toward others involved in the case, excessive or incomplete billing, and disruptive behavior.  Hancock filed a notice of appeal with the district court on January 28, 2009.

Under Rule 8009 of the Federal Rules of Bankruptcy Procedure, an appellant is required to "serve and file a brief within 14 days after entry of the appeal on the docket." Pursuant to this rule, Hancock's original briefing deadline was February 13, 2009. However, the docket reveals that some delay in receiving transcripts from the bankruptcy court resulted in the district court's termination of that deadline.  The court set a new briefing deadline for March 27, 2009, two months after Hancock filed his notice of appeal.  On March 25, 2009, Hancock filed an emergency motion for an extension of time to file his brief, citing delays in the compilation and transmittal of the record on appeal. He was granted an extension until April 27, 2009.

Hancock did not comply with the April 27 deadline.  On May 1, 2009, Hancock filed a second request for an extension of time, citing delays in the transcription of one

meeting of Barnhill's creditors. This motion claimed that Hancock would file his brief on May 5, 2009, regardless of the status of the delayed transcript. Hancock also requested permission to file a brief up to but not in excess of 50 pages in length. The court did not rule on Hancock's request until May 11, 2009, at which point Hancock had not filed his promised May 5, 2009 brief. Nonetheless, the district court granted Hancock's second motion for extension, although the district court did not specify a new filing deadline (presumably because Hancock's motion assured imminent filing). Hancock did not make any additional filing with the district court throughout May, June, and July of 2009.

On August 5, 2009, the district court issued Hancock an order to show cause by August 14, 2009 why the case should not be dismissed for failure to prosecute. Hancock did not respond to the show cause order and instead filed a brief on August 14, 2009 that exceeded 100 pages. This brief completely disregarded the 50-page limit for which Hancock had previously sought special permission and was in excess of the 50-page maximum permitted under the bankruptcy rules. Fed. R. Bankr. P. 8010.

On August 27, 2009, the trustees moved for the district court to dismiss Hancock's appeal or require him to comply with the briefing page limits set in the court's prior order. The district court did not dismiss at this date, roughly seven months after Hancock filed his notice of appeal. However, the court did order Hancock to file a brief under 50 pages by September 21, 2009, and to submit a third motion for extension of time explaining why his brief was not timely filed in May 2009. This order warned Hancock that his failure to comply in a timely and complete manner might result in the dismissal of his appeal.

Hancock next filed two documents with the court on September 22, 2009, one day after the court's deadline. Hancock filed a brief that, through the excessive use of roman numerals for introductory pages, was arguably 50 pages in length. However, the brief was printed in a small font and was almost entirely single-spaced, in clear violation of local filing requirements. M.D. Tenn. R. 7.03(a) (requiring all documents filed with the court to be double-spaced). As to the explanation for the delay, Hancock asserted that he had personal reasons that he could only discuss in chambers; that he had required

extensive time (from May 1 to August 14) to reduce his original brief from 220 to 158 pages; that he had been awaiting a Supreme Court decision in a case involving judicial recusal; that because Judge Trauger had previously permitted Bankruptcy Judge Lundin to make an unfair ruling against Hancock, Judge Trauger would feel compelled to defend that prior decision in this case, as Bankruptcy Judge Paine had "copycatted" Judge Lundin's earlier opinion; that Hancock realized he had no hope of a favorable resolution at the district court level because Judge Trauger would not have the "extraordinary courage" to find that Bankruptcy Judge Paine had violated Hancock's constitutional rights; and that there was no point in investing more hours into the district court brief because any ruling would be appealed and the Sixth Circuit reviews only the findings of the bankruptcy judge.

On September 23, 2009, the district court entered an order noting Hancock's "repeated failure" to comply with the filing requirements of Rule 8009 of the Federal Rules of Bankruptcy Procedure and stating that the course of events in the case fully justified "dismissal of this appeal with prejudice." Under Bankruptcy Rule 8001, a district court has discretion to dismiss a bankruptcy appeal where an appellant has failed to take a required step in the appeal. Fed. R. Bankr. P. 8001(a). The Middle District of Tennessee, however, has promulgated a local rule that provides: "Failure by an appellant to comply with the provisions of either Rule 8006, 8007 or 8009 of the Bankruptcy Rules, Title 11 of the United States Code Annotated, will result in summary affirmance of the opinion of the Bankruptcy Judge." M.D. Tenn. R. 81.01(a). The district court stated that instead of dismissing the appeal, it chose "to invoke Local Rule 81.01(a) to summarily affirm [the bankruptcy court's] Order, fully expecting [Hancock] to appeal further to the Sixth Circuit Court of Appeals, where he might receive a decision on the merits."

We understand the district court's order as making clear that this court could reach the merits of Hancock's appeal if we disagreed with the district court's conclusion that Hancock's repeated failure to comply with the appeal rules warranted summary affirmance. However, we fully agree that summary affirmance without consideration of the merits was appropriate in this case, because "a clear record of delay or contumacious

conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Consolidation Coal Co. v. Gooding*, 703 F.2d 230, 233 (6th Cir. 1983) (internal quotations and citations omitted).

Hancock did not file any brief in the district court until nearly seven months after he filed his notice of appeal, and that brief completely disregarded the district court's filing requirements and the bankruptcy rules. Hancock also ignored the district court's first order to show cause, and then responded to its second order with a series of disrespectful remarks and other entirely unacceptable explanations for his delay. Further, the district court demonstrated considerable leniency throughout the proceedings, giving Hancock the opportunity to make a proper filing and show cause as late as September of 2009. *See id.* (affirming a dismissal with prejudice where petitioner had received "more than ample leeway in which to conform its actions to the Board's requirements"). The district court's summary affirmance was therefore not motivated by a failure of technical compliance, but rather by a pattern of flagrant noncompliance. Summary affirmance without consideration of the merits was fully warranted under such circumstances. *See Thomas v. Corr. Med. Ctr.*, No. 98-3492, 1999 WL 283894, at *1 (6th Cir. Apr. 27, 1999).

Appellants cannot leapfrog the district court in bankruptcy appeals by blatantly ignoring the rules and procedures for appeal from bankruptcy court to district court. Such an intermediate appeal is required by statute. District court (or Bankruptcy Appellate Panel) review serves the valuable purposes of refining issues and conserving judicial resources. Permitting parties to skip it would undermine the bankruptcy appellate process.[1] We therefore affirm the district court's summary affirmance.

---

[1]While this court has stated that it reviews the bankruptcy court judgment rather than the intermediate district court judgment in such appeals, *e.g., McMillan v. LTV Steel, Inc.*, 555 F.3d 218, 225 (6th Cir. 2009), this means that any deference owed by us (such as clearly erroneous review of factual determinations) extends to the bankruptcy court rather than to the intermediate district court. Such statements do not mean that intermediate review is some kind of discretionary option that parties can disregard or skip over.

---

**CONCURRING IN THE CONCLUSION**

---

ALICE M. BATCHELDER, Chief Judge, concurring.  I fully agree with the majority's conclusion that the appellant's flagrant noncompliance with the district court's rules gave the district court ample justification to dispose of the case without addressing the merits.  I write separately to clarify an important distinction between a summary affirmance and a summary dismissal.  On several occasions, the majority refers to the district court's "summary affirmance without consideration of the merits," or some variation thereof.  However, the plain meaning of the term "summary affirmance" implies that the merits were considered and gives this court an opportunity to review the merits.  Indeed, the district court anticipated that we would review the merits of the case.  Because we have not reviewed the merits of the case, it would be more appropriate to acknowledge that we are, in fact, construing the district court's order as a dismissal rather than an affirmance, and that we are affirming the dismissal because it was justified by the appellant's noncompliance with the district court's rules.