NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0390n.06

No. 12-6009

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
***Apr 18, 2013***
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| In re: SUSAN H. LUNAN, | ) |
| | ) |
| Debtor, | ) |
| _____ | ) |
| | ) |
| SUSAN H. LUNAN, | )   ON APPEAL FROM THE UNITED |
| | )   STATES DISTRICT COURT FOR |
| Appellant, | )   THE EASTERN DISTRICT OF |
| | )   TENNESSEE |
| v. | ) |
| | ) |
| DAVID H. JONES, Trustee, | ) |
| | ) |
| Appellee. | ) |

Before: MARTIN, GILMAN, and KETHLEDGE, Circuit Judges.

PER CURIAM. Chapter 7 Debtor Susan H. Lunan, proceeding pro se, appeals the district court's order dismissing her appeal from the bankruptcy court's order granting Trustee David H. Jones's motion to authorize the sale of real property located at 3520 Orebank Road in Kingsport, Tennessee. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).

On December 24, 2008, Lunan commenced Chapter 11 bankruptcy proceedings. On October 9, 2009, after Lunan failed to comply with an order she agreed to in the bankruptcy court, that court converted the proceedings to a Chapter 7 bankruptcy. On April 21, 2011, the Trustee filed a notice of intent to sell the real property located on Orebank Road. Lunan did not file any objections by the May 12, 2011 due date. On June 25, 2011, the Trustee filed a motion to authorize

the sale of that real property. Lunan did not file any response or attend the hearing. The bankruptcy court entered an order approving the sale.

Lunan appealed the bankruptcy court's order to the district court, which dismissed her appeal. The district court held that Lunan lacked standing to appeal because she was not a "person aggrieved" by the bankruptcy court's order. Lunan has timely appealed the district court's dismissal.

"On appeal from a bankruptcy court, a district court applies the clearly erroneous standard of review to findings of fact, and reviews questions of law *de novo*." *Stamper v. United States* (*In re Gardner*), 360 F.3d 551, 557 (6th Cir. 2004). "On appeal of a bankruptcy decision from a district court, this court employs the same standards, evaluating the bankruptcy court's decision directly, without being bound by the district court's legal determinations." *Id.*

Only a "person aggrieved" has standing to appeal a bankruptcy order. *Moran v. LTV Steel Co.* (*In re LTV Steel Co.*), 560 F.3d 449, 452 (6th Cir. 2009). Where, as here, the salient "facts are undisputed, the standing question is purely a legal one that we will review de novo." *Id.*

In order to be a "person aggrieved," the appellant must have "a financial stake in the bankruptcy court's order." *Harker v. Troutman* (*In re Troutman Enters., Inc.*), 286 F.3d 359, 364 (6th Cir. 2002) (citation omitted). Specifically, an appellant must be "directly and adversely affected *pecuniarily* by the order." *Fid. Bank, Nat'l Ass'n v. M.M. Grp., Inc.*, 77 F.3d 880, 882 (6th Cir. 1996) (emphasis added). "Debtors, particularly Chapter 7 debtors, rarely have such a pecuniary interest because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor." *Cult Awareness Network, Inc. v. Martino* (*In re Cult Awareness Network, Inc.*), 151 F.3d 605, 607 (7th Cir. 1998). However, if the debtor can show that a successful appeal will generate assets in excess of liabilities, thus entitling her to a distribution of surplus under 11 U.S.C. § 726(a)(6), then the debtor is a "person aggrieved" with standing to appeal. *See Kowal v. Malkemus* (*In re Thompson*), 965 F.2d 1136, 1144 n.12 (1st Cir. 1992); *Simon v. Amir* (*In re Amir*), 436 B.R. 1,

10 (B.A.P. 6th Cir. 2010). "[T]he debtor cannot simply claim that there is a theoretical chance of a surplus in the estate, but must show that such surplus is a reasonable possibility." *In re Amir*, 436 B.R. at 10 (internal quotation marks and citations omitted).

Lunan lacked standing to appeal the bankruptcy court's sale-authorization order because she is not a "person aggrieved" by that order. Lunan claims that the Trustee took property that belonged to her husband, and that the bankruptcy court's order violated his due-process rights. "Under ordinary prudential standing limitations, litigants must normally assert their own rights, rather than those of third parties." *In re Troutman Enters., Inc.*, 286 F.3d at 364. Appellate standing in bankruptcy cases is even more limited than Article III standing or the prudential requirements associated therewith. *Id*. Lunan has not demonstrated that she is directly and adversely affected pecuniarily by the bankruptcy court's order. Nor does she show that a successful appeal would cause assets to exceed liabilities in the bankruptcy estate. *See In re Amir*, 436 B.R. at 10. Accordingly, the district court correctly determined that she lacked standing to appeal.

For the foregoing reasons, we affirm the district court's order. Fed. R. App. P. 34(a)(2)(C).