NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0941n.06

No. 12-6567

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Nov 01, 2013
DEBORAH S. HUNT, Clerk

In re:  RAFIA NAFEES KHAN,

       Debtor,

RAFIA NAFEES KHAN,

       Appellant,

  v.

REGIONS BANK,

       Appellee.

On Appeal from the United
States District Court for the
Eastern District of Tennessee

Before:  ROGERS and COOK, Circuit Judges; and VAN TATENHOVE, District Judge.[*]

**VAN TATENHOVE**, District Judge.  Pursuant to provisions of the United States Bankruptcy Code, Rafia N. Khan, a Chapter 7 debtor, attempted through an adversary proceeding to invalidate a proof of claim submitted by Regions Bank.  The Bankruptcy Court of the Eastern District of Tennessee ruled that she did not have standing to institute the adversary proceeding because she was not a "party in interest" as defined in 11 U.S.C. § 502(a).  Ms. Khan appealed that decision to the United States District Court for the Eastern District of Tennessee.  The district court concluded that it could not hear the merits of Ms. Khan's appeal because she was not a "person

---

[*] The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

aggrieved" by the Bankruptcy Court's decision.  For the reasons set forth below, the district court's decision will be AFFIRMED.

**I**

In August of 2006, Ms. Khan and her ex-husband, Muhammad A. Khan, executed several agreements with Regions.  Among those documents was a Credit Agreement and Disclosure form that established a revolving line of credit for Ms. Khan and her ex-husband.

The security for debts incurred on the line of credit was a Deed of Trust to Regions on property located at 3901 S. Lake Boulevard, in Knoxville, Tennessee.  This property was owned by the Rafia N. Khan Irrevocable Trust.  It is the subject of pending litigation in the Tennessee Court of Appeals after Regions placed a $40,000.00 lien on it.

That action has been stayed because on December 31, 2010, Ms. Khan filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code.  Pursuant to the Code, she filed various statements and schedules listing her assets and liabilities.  She lists liabilities of $541,605.84 and assets of $271,650.00.  A Chapter 7 trustee was appointed to facilitate the bankruptcy proceedings.

On March 1, 2011, Regions filed a proof of claim in Ms. Khan's bankruptcy case.  Regions alleges that its Deed of Trust is valid, and permits the imposition of liens on Ms. Khan's property.  Significantly, the Deed of Trust executed by Regions and Ms. Khan includes language waiving "any statutory . . . right of . . . homestead."

After Regions submitted its proof of claim, Ms. Khan initiated an adversary proceeding against Regions.  Ms. Khan alleged that the Deed of Trust was invalid, and that the lien claims based on that instrument should be disallowed under 11 U.S.C. § 502(b)(1) of the Code.  She also sought

2

to have the Deed of Trust declared void under 11 U.S.C. § 506(d). She specifically alleged in her amended complaint that she had "equity" in her home, and that her "interest" in the disallowance of Regions' lien claims was her "homestead exemption" in the property subjected to those claims. Regions moved to dismiss Ms. Khan's amended complaint for lack of subject matter jurisdiction. It argued that absent a surplus of assets in the Chapter 7 bankruptcy estate, Ms. Khan simply had no standing to sue for the disallowance of Regions' claim.

The bankruptcy court accepted the matter as a facial challenge to Ms. Khan's jurisdictional claims. *In re Khan*, No. 10-36155, 2011 WL 4543962, at *2 (Bankr. E.D. Tenn. 2011). It ruled that Ms. Khan, "a Chapter 7 debtor in a no-asset case," possessed no standing to pursue the relief she sought. *Id.* Ms. Khan appealed the bankruptcy court's decision to the district court of the Eastern District of Tennessee. The district court determined that since Ms. Khan was not a "person aggrieved," she was also without standing to appeal. Order and Memorandum Decision at 6, *Khan v. Regions Bank,* No. 3:12-cv-00025 (E.D. Tenn. Oct. 31, 2012). Ms. Khan has timely appealed the district court's decision.

## II

### A

This Court has jurisdiction to review "all final decisions, judgments, orders, and decrees entered" by a district court hearing an appeal from a bankruptcy court decision. 28 U.S.C. § 158(d); *see also Brown v. Hildebrand (In re Brown)*, 248 F.3d 484, 486 (6th Cir. 2001). This authority is also codified in 28 U.S.C. § 1291 ("[t]he court of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States.").

3

"Standing is a jurisdictional requirement and we are under a continuing obligation to verify our jurisdiction over a particular case." *Harker v. Troutman (In re Troutman Enterprises., Inc.)*, 286 F.3d 359, 364 (6th Cir. 2002). "We review de novo jurisdictional questions." *In re Brown*, 248 F.3d at 486. This Court has said "it reviews the bankruptcy court judgment rather than the intermediate district court judgment in such appeals." *Hancock v. McDermott,* 646 F.3d 356, 359 n.1 (6th Cir. 2011). It explained, "this means only that any deference owed by us (such as clearly erroneous review of factual determinations) extends to the bankruptcy court rather than to the intermediate district court." *Id.* Even if in some sense we are reviewing the bankruptcy court's order directly, as set out below, Khan must still have appellate standing to have subject matter jurisdiction. *See Moran v. LTV Steel Co. (In re LTV Steel Co.),* 560 F.3d 449, 453 (6th Cir. 2009).

**B**

Past decisions by this Court recognize that "[o]nly a 'person aggrieved' has standing to appeal a bankruptcy order." *In re Lunan*, No. 12-6009, 2013 WL 1693983, at \*1 (citing *In re LTV Steel Co.*, 560 F.3d at 452). To be considered a "person aggrieved," the petitioner must prove "a financial stake in the bankruptcy court's order." *In re Lunan*, 2013 WL 1693983, at \*1 (quoting *Hacker v. Troutman (In re Troutman Enters., Inc.)*, 286 F.3d 359, 364 (6th Cir. 2002) (citation omitted)). More specifically, the petitioner must be " 'directly and adversely affected *pecuniarily* by the order.' " *In re Lunan*, 2013 WL 1693983, at \*1 (quoting *Fid. Bank, Nat'l Ass'n v. M.M. Grp., Inc.,* 77 F.3d 880, 882 (6th Cir. 1996) (emphasis added)).

It is unusual for a Chapter 7 debtor to have a pecuniary interest " 'because no matter how the estate's assets are disbursed by the trustee, no assets will revert to the debtor.' " *In re Lunan*, 2013 WL 1693983, at \*1 (quoting *Cult Awareness Network, Inc. v. Martino (In re Cult Awareness*

4

*Network, Inc.),* 151 F.3d 605, 607 (7th Cir. 1998)). If, however, the debtor can demonstrate "that a successful appeal will generate assets in excess of liabilities, thus entitling her to a distribution of surplus under 11 U.S.C. § 726(a)(6), then the debtor is a 'person aggrieved' with standing to appeal." *In re Lunan*, 2013 WL 1693983, at *1 (citing *Kowal v. Malkemus (In re Thompson),* 965 F.2d 1136, 1144 n.12 (1st Cir. 1992); *Simon v. Amir (In re Amir),* 436 B.R. 1, 10 (B.A.P. 6th Cir. 2010)). The debtor must show more than a metaphysical possibility of surplus; instead it " 'must show that such surplus is a reasonable possibility.' " *In re Lunan*, 2013 WL 1693983, at *1 (quoting *In re Amir*, 436 B.R. at 10 (internal quotation marks and citations omitted)).

Ms. Khan has failed to show that she has a financial interest in the bankruptcy court's order. Her reliance on *In re Troutman Enterprises,* 286 F.3d at 364, and *In re Moran*, 566 F.3d 676, 681 (6th Cir. 2009), is misplaced. Her argument is that the permanent release or discharge of a lien against an individual debtor's exempt property is a valuable, pecuniary right given to individual bankrupt debtors by Section 522(c) of the Code. But neither case stands for this proposition. Rather, they stand for the general proposition that a party may appeal an action of a bankruptcy court when that decision " 'diminishes a person's property, increases his burdens, or impairs his rights.' " *In re Moran*, 566 F.3d at 681 (quoting *Fid. Bank, Nat'l Ass'n*, 77 F.3d at 882); *In re Troutman Enterprises*, 286 F.3d at 364. Ms. Khan cannot satisfy this standard.

Her assets are substantially less than her liabilities. In her schedules, Ms. Khan lists the value of the subject property at $180,000.00 and personal property at $91,650.00; however, those assets are subject to creditors holding secured and unsecured liens totaling $541,605.84. Even if she

were allowed a $25,000 homestead exemption,[1] her liabilities would still exceed her total assets by $244,955.84. By not establishing a surplus of assets, Ms. Khan has failed to demonstrate the impairment of her rights by the bankruptcy court's action.

Furthermore, Ms. Khan's argument that the "homestead exemption" belongs to her, and not to the bankruptcy estate, is unfounded. Under § 522(l), the debtor is required to file a list of property claimed as exempt. "Unless a party in interest objects, the property claimed as exempt on such list is exempt." 11 U.S.C. § 522(l). The Supreme Court, in *Owen v. Owen*, 500 U.S. 305 (1991), recognized this process for claiming exemptions, and remarked that no property can be exempted "unless it *first* falls *within* the bankruptcy estate." *Owen*, 500 U.S. at 308 (emphasis added). Ms. Khan cannot claim an interest in the "homestead exemption" separate from the bankruptcy estate and expect that property to retain exemption status. Without its inclusion in the bankruptcy estate there is no plausible way it qualifies for exemption status.

### III

Based on the foregoing analysis, Ms. Khan does not qualify as a "person aggrieved," and therefore did not have standing to appeal the bankruptcy court's ruling. Accordingly, the district court's decision is **AFFIRMED**.

---

[1] This is a large assumption as the Deed of Trust executed by Regions and Ms. Khan includes language waiving "any statutory...right of ...homestead."