NOT RECOMMENDED FOR PUBLICATION

File Name: 23b0004n.06

# BANKRUPTCY APPELLATE PANEL

## OF THE SIXTH CIRCUIT

IN RE: LINDA S. ELAM,

                                                    *Debtor*.

_____

LINDA S. ELAM,

                                                    *Plaintiff-Appellant*,

        *v*.

NATIONSTAR MORTGAGE, LLC,

                                                    *Defendant-Appellee*.

No. 22-8012

Appeal from the United States Bankruptcy Court
for the Western District of Tennessee at Memphis.
Nos. 2:11-bk-21571; 2:21-ap-00098—Ruthie Hagan, Bankruptcy Judge.

Decided and Filed:  August 29, 2023

Before: BAUKNIGHT, DALES and GUSTAFSON, Bankruptcy Appellate Panel Judges.

_____

**COUNSEL**

_____

**ON BRIEF:**  Joel Giddens, WILSON & ASSOCIATES, PLLC, Little Rock, Arkansas, for
Appellee.  Linda Elam, Collierville, Tennessee, pro se.

_____

**OPINION**

_____

        JOHN P. GUSTAFSON, Bankruptcy Appellate Panel Judge.  This appeal reviews a
bankruptcy court's determination that it did not have jurisdiction to consider the claims raised in
an adversary proceeding brought several years after Linda Elam (the "Debtor") received a
discharge and her case was closed.  The Panel finds that the complaint only seeks declaratory

judgment as to the validity and/or enforceability of the mortgage lien against the property itself and does not raise issues concerning Debtor's personal liability. Accordingly, the bankruptcy court lacks jurisdiction because whatever property interest the Debtor had that became property of the estate was abandoned at the conclusion of the bankruptcy case and is no longer property of the estate. For the reasons stated below, the bankruptcy court's order dismissing the case is **AFFIRMED**.

**ISSUE ON APPEAL**

The sole issue on appeal is whether the bankruptcy court erred by dismissing the adversary proceeding for lack of jurisdiction.

**JURISDICTION AND STANDARD OF REVIEW**

Because the United States District Court for the Western District of Tennessee has authorized appeals to the Panel and no party has timely filed to have this appeal heard by the district court, the Bankruptcy Appellate Panel of the Sixth Circuit has jurisdiction to decide this appeal. 28 U.S.C. § 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). "Orders in bankruptcy cases qualify as 'final' when they definitively dispose of discrete disputes within the overarching bankruptcy case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 140 S. Ct. 582, 586 (2020) (citing *Bullard v. Blue Hills Bank*, 575 U.S. 496, 501, 135 S. Ct. 1686, 1692 (2015)).

An order dismissing an adversary proceeding is a final order and the trial court's legal rationale is reviewed de novo. *Giese v. Lexington Coal Co.* (*In re HNRC Dissolution Co.*), 585 B.R. 837, 841 (B.A.P. 6th Cir. 2018) ("The Panel reviews the Bankruptcy Court's order of dismissal de novo." (citing *Hughes v. Sanders*, 469 F.3d 475, 477 (6th Cir. 2006)), *aff'd*, 761 F. App'x 553 (6th Cir. 2019). "Jurisdictional questions are reviewed de novo." *Schwab v. Oscar* (*In re SII Liquidation Co.*), 517 B.R. 72, 74 (B.A.P. 6th Cir. 2014) (citing *Kahn v. Regions Bank* (*In re Khan*), 544 F. App'x 617, 619 (6th Cir. 2013), *cert. denied*, 572 U.S. 1016 (2014)). "When conducting a de novo review, the Panel decides the issues independent of and without deference to the Bankruptcy Court's conclusions." *In re HNRC Dissolution Co.*, 585 B.R. at 840

(citing *Menninger v. Accredited Home Lenders* (*In re Morgeson*), 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007)).

## FACTS

The bankruptcy court adopted the pertinent facts as set forth in the Sixth Circuit's order entered August 9, 2019.[1]  As background, those facts are as follows:

> On December 2, 2002, Linda Elam acquired title by warranty deed to real property located on Brierwood Circle in Piperton, Tennessee ("the Property"). The Elams subsequently created the "L & F Irrevocable Trust dated December 12, 2002" ("the Trust"), naming Frederick Elam as the trustee.  Linda Elam then conveyed the Property, owned by her individually, to the Trust by quitclaim deed. On December 23, 2002, Frederick Elam, in his capacity as trustee, executed a deed of trust pledging the Property as collateral to secure a construction loan from Merchants & Farmers Bank in the amount of $386,669.63.
>
> In March 2004, the Elams, in their individual capacities, received a loan from Realty Mortgage Corporation in the amount of $540,000.  The Elams, purportedly in their individual capacities, secured the loan by executing a deed of trust pledging the Property as collateral.  The Elams used the $540,000 loan to repay their loan to Merchants & Farmers Bank, as well as to make improvements to the house situated on the Property.  Aurora Loan Services, LLC ("Aurora") eventually obtained ownership of the Elams' note and loan held by Realty Mortgage Corporation.  In December 2007, the Elams executed a "Workout Agreement" with Aurora regarding late payments on the $540,000 loan.  In May 2008, the Elams executed a "Loan Modification Agreement" with Aurora, also regarding their ability to repay the loan.  **In the years following these agreements, the Elams filed several bankruptcy actions, which helped them avoid multiple foreclosure attempts on the Property.**[2]
>
> In April 2012, Aurora filed suit in the Chancery Court for Fayette County (Tennessee) against the Elams, the Trust, and several other defendants for notice purposes, in which it sought a declaratory judgment that the December 12, 2002, deed conveying the Property from Linda Elam to the Trust was void.  Aurora alternatively sought to "assume the priority position of the Merchants & Farmers

---

[1]The Sixth Circuit issued the following order in Debtor and Frederick J. Elam's appeal of the district court's judgment dismissing their complaint against Aurora Loan Services, LLC, Nationstar Mortgage, LLC, and other defendants under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  The complaint filed in the district court alleged a violation of the Truth in Lending Act, an unlawful attempt to foreclose on real property, and an attempt to collect on an "illegal judgment."  Unless otherwise provided herein, the Panel adopts the defined terms set forth in the Sixth Circuit's order, including the defined term "the Property."

[2]Emphasis added.  The adversary proceeding on appeal was filed in Debtor Linda S. Elam's 2011 chapter 7 bankruptcy case.

Bank mortgage." Aurora additionally asked the chancery court to find that the Property was pledged as collateral for the $540,000 loan, or, in the alternative, that it held an equitable lien on the Property. FirstBank, one of the defendants named for notice purposes, filed a cross-claim against the Elams, also seeking a declaratory judgment that the quitclaim deed conveying the Property from Linda Elam to the Trust was void.

During that state court proceeding, Nationstar Mortgage, LLC ("Nationstar") became the servicer of the Elams' loan and, on May 16, 2013, the chancery court entered a consent order substituting Nationstar for Aurora as the plaintiff. Nationstar thereafter filed a motion for summary judgment, in which it asked the chancery court to declare that the Elams had pledged the Property as collateral to secure the $540,000 loan from Realty Mortgage Corporation. Nationstar alternatively sought a declaration that it held either a priority position "of the Merchants & Farmers Bank mortgage" or a "first priority equitable lien" on the Property. In May 2015, the chancery court granted Nationstar's motion for summary judgment. In doing so, it found that the Elams, the Trust, and Realty Mortgage Corporation intended that the Property would be collateral for the loan. The chancery court thus ordered that the March 2004 deed of trust securing the Property as collateral for the $540,000 loan "be reformed to reflect that the interest of the [L & F Irrevocable Trust] was effectively conveyed in said deed of trust through its Trustee, Fred Elam." Frederick Elam appealed the chancery court's judgment, but the Tennessee Court of Appeals dismissed the attempted appeal for lack of jurisdiction. *Aurora Loan Servs. LLC v. Elam*, No. W2015-01097-COA-R3-CV, 2016 WL 659821, at *3-4 (Tenn. Ct. App. Feb. 18, 2016), *perm. app. denied* (Tenn. June 24, 2016) (per curiam).

In March 2017, the Elams filed this federal lawsuit against the following defendants: Aurora; Aurora Commercial Corporation; HSBC Bank, N.A.; Lehman Brothers; FirstBank; Nationstar; Mortgage Electronic Registration Services ("MERS"); and others. The Elams alleged that the defendants violated the Truth in Lending Act ("TILA"), see 15 U.S.C. §§ 1601-1667f, unlawfully attempted to foreclose on the Property, and attempted to collect on "an illegal judgment." They sought monetary damages and the removal of all liens and mortgages.

FirstBank, Nationstar, Aurora Commercial Corporation, Aurora, MERS, and HSBC Bank moved to dismiss the Elams' claims under Rule 12(b)(6), arguing, in part, that they were either time-barred or barred by the doctrine of res judicata. The Elams opposed the defendants' motions to dismiss and moved for leave to amend their complaint. The Elams' proposed amended complaint clarified the nature of their TILA claims, argued that the defendants' alleged TILA violations amounted to fraudulent concealment, introduced a Racketeer Influenced and Corrupt Organizations ("RICO") claim, see 18 U.S.C. § 1961, et seq., and sought remedies beyond what they requested in their initial complaint. The defendants argued in opposition that any amendment to the Elams' complaint would be futile.

> The magistrate judge agreed with the defendants, determining that: (1) the Elams failed to assert a plausible TILA claim; (2) the TILA, RICO, fraudulent concealment, and illegal foreclosure claims were barred by the doctrine of res judicata; (3) the TILA and RICO claims were barred by the applicable statutes of limitations; (4) the Elams' proposed amended complaint contained insufficient factual allegations to support a civil RICO cause of action; and (5) the Elams' allegation that FirstBank possessed an "illegal judgment" was conclusory and failed to make the requisite showing of entitlement to relief. The magistrate judge therefore recommended that the district court deny the Elams' motion for leave to amend their complaint and grant the defendants' motions to dismiss. The district court adopted the magistrate judge's report and recommendation over the Elams' objections, denied the Elams' motion for leave to amend their complaint, and granted the defendants' Rule 12(b)(6) motions. The district court further denied the Elams' subsequent motion for reconsideration.

*Elam v. Aurora Loan Servs., LLC*, No. 18-5743, 2019 WL 7603379, at *1–2 (6th Cir. Aug. 9, 2019) (emphasis added). The Sixth Circuit found that "the district court correctly determined that the Elams' claims and proposed claims are barred by the doctrine of res judicata. It was therefore proper for the district court to deny the Elams' motion for leave to amend their complaint." *Id.* at *4.[3]

After the Sixth Circuit's ruling, Debtor sought to reopen her 2011 bankruptcy case, which had been closed in February 2012 following entry of her discharge. Debtor had not listed the Property on Schedule A[4] in the underlying bankruptcy case, listing only the debt on Schedule D with the notation "THIS PROPERTY IN A TRUST." (Ex. E at 1, *Elam v. Nationstar Mortg., LLC*, Adv. Case No. 21-00098, ECF No. 1-3.)

The bankruptcy court reopened Debtor's bankruptcy case on September 20, 2021. Once the case was reopened, Debtor filed an adversary proceeding asserting that the assignment of the note to Nationstar/Aurora was not effective under Tennessee law and that the "lien and debt was previously discharged" in her bankruptcy case. (Compl. at 1, *Elam v. Nationstar Mortg., LLC*, Adv. Case No. 21-00098, ECF No. 1.) Nationstar filed an answer and a motion to dismiss, arguing that Debtor had failed to state a claim for which relief could be granted and that her

---

[3]The conclusions reached by the prior courts are not addressed in this opinion because those issues are not before this Panel. The only issue on appeal is whether the bankruptcy court erred in finding that it lacked jurisdiction to consider the validity of Nationstar/Aurora's lien.

[4](Ex. D at 18, *Elam v. Nationstar Mortg., LLC*, Adv. Case No. 21-00098, ECF No. 1-2.)

claims are barred by res judicata.   The bankruptcy court requested the parties file briefs addressing whether the bankruptcy court had subject matter jurisdiction over the matter.

After an extensive amount of time for briefing, and at least two status conferences, the bankruptcy court entered an order dismissing the adversary proceeding for lack of jurisdiction on May 5, 2022.  The bankruptcy court held that the Property had been abandoned and was no longer part of the bankruptcy estate.  Thus, any resolution regarding the validity, priority, and extent of liens on the Property would not affect the bankruptcy estate.  (Op. at 8, *Elam v. Nationstar Mortg., LLC*, Adv. Case No. 21-00098, ECF No. 30.)  Accordingly, the bankruptcy court found that the claims asserted in the adversary proceeding fell outside of 28 U.S.C. § 157(b)(2)(K) and (O).  The bankruptcy court also considered whether it had "related to" jurisdiction pursuant to 28 U.S.C. § 1334(b).  Again, the bankruptcy court found that because Debtor's case had been closed for nine years, and all property abandoned, there simply was no bankruptcy estate for the adversary proceeding to affect.  The bankruptcy court also considered the four factors which should guide a determination whether to exercise any residual jurisdiction over the case and determined that exercising jurisdiction was not appropriate.  (*Id*. at 11.)[5]

Debtor then filed this timely appeal.[6]

---

[5]In its analysis of "discretionary retention of proceedings," the bankruptcy court analyzed the four factors cited in *Murray v. Safir L., P.L.C.* (*In re Murray*), No. 21-1910, 2021 WL 4026732, at *5 (6th Cir. Sept. 3, 2021). The bankruptcy court found that none of the factors (judicial economy, convenience to the parties, comity, or fairness) favored any discretionary retention of jurisdiction. (Op. at 10–12.)  In her brief, Debtor did not assert that the bankruptcy court erred in its discretionary retention analysis.  Thus, Debtor has forfeited any consideration of that issue.  *See United States v. Mahaffey,* 983 F.3d 238, 240 n.2 (6th Cir. 2020) (explaining that an appellant "forfeited [the court's] consideration of [an] issue because he did not include it in his statement of issues"); *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 621 (6th Cir. 2013) ("Issues adverted to in a perfunctory manner, without some effort to develop an argument, are deemed forfeited.").

[6]The notice of appeal does not appear to comply with Federal Rule of Bankruptcy Procedure 8003(a)(3) because the bankruptcy court's order did not accompany the notice, nor did the notice state the order's date, or list the appellee properly.  The question is whether the failure to comply with Rule 8003 would preclude appellate review.  In *Kramer*, for example, the Sixth Circuit held the creditor, proceeding pro se, "forfeited" appellate review of certain claims by failing to properly list certain orders in the notice of appeal.  *Taleb v. Miller, Canfield, Paddock & Stone, P.L.C.* (*In re Kramer*), 71 F.4th 428, 434 & n.4, 436–38 (6th Cir. 2023).  In *Kramer*, two of the bankruptcy court's orders did not accompany the notice of appeal and were not listed.  *Kramer*, however, appears to be distinguishable because that appeal involved multiple notices of appeal, multiple appealable orders, and multiple parties in the underlying bankruptcy case.  *See id.* at 434 & n.4.  Here, in contrast, the appeal comes to us from a single order dismissing an adversary proceeding, involving only two parties with a protracted history.  Further, the docket entry for the notice of appeal in the adversary proceeding linked the order dismissing the adversary proceeding.  That is to say despite Debtor's failure to comply with Rule 8003, the imperfections in the notice of

## DISCUSSION

In *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375, 377, 114 S. Ct. 1673, 1675 (1994), the Supreme Court stated, "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute which is not to be expanded by judicial decree." *Id.* (citations omitted). "The party asserting subject-matter jurisdiction bears the burden of establishing that such jurisdiction exists." *Hale v. Morgan Stanley Smith Barney LLC*, 982 F.3d 996, 997 (6th Cir. 2020) (citing *Kokkonen*, 511 U.S. at 377, 114 S. Ct. at 1675). In the present appeal, the bankruptcy court, on its own motion, considered whether it had jurisdiction over the adversary proceeding, the dispositive question being whether the claims asserted in the complaint constitute either a core proceeding, or a non-core proceeding which nevertheless qualified as a "related to" proceeding. (Op. at 7.)

Federal bankruptcy jurisdiction is defined by 28 U.S.C. § 1334. Section 1334(b) confers upon the district courts "jurisdiction over 'all civil proceedings arising under title 11, or arising in or related to cases under title 11.'" *Bavelis v. Doukas*, 835 F. App'x 798, 803-04 (6th Cir. Oct. 19, 2020) (quoting 28 U.S.C. § 1334(b)); *accord In re E.C. Morris Corp.*, 523 B.R. 77, 81 (B.A.P. 6th Cir. 2014).[7] As the Sixth Circuit has explained, this jurisdiction under § 1334(b) "includes three categories: (1) proceedings 'arising under title 11'; (2) proceedings 'arising in' a case under title 11; and (3) proceedings 'related to' a case under title 11." *In re HNRC Dissolution Co.*, 761 F. App'x at 559 (quoting *Mich. Emp. Sec. Comm'n v. Wolverine Radio Co., Inc. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1140–41 (6th Cir. 1991)); *accord In re E.C. Morris Corp.*, 523 B.R. at 81.

---

appeal still leave no genuine doubt about the order being appealed. *Cf. Caudill v. Hollan*, 431 F.3d 900, 907 (6th Cir. 2005) ("While the requirements of Fed. R. App. P. 3(c)(1) are jurisdictional, our precedent, Supreme Court Precedent and Fed. R. App. P. 3(c)(4) also require that we construe the jurisdictional requirements of Fed. R. App. P. 3(c) liberally." (citations omitted)); *McLaurin v. Fischer*, 768 F.2d 98, 102 (6th Cir. 1985) ("In considering the impact of technical errors upon the sufficiency of a notice of appeal, the Supreme Court has repeatedly emphasized that absent a showing of prejudice such errors are treated as harmless.").

[7]"District courts have original and exclusive jurisdiction 'of all cases under title 11,' but that refers to the bankruptcy petition itself and does not apply here." *Giese v. Lexington Coal Co. (In re HNRC Dissolution Co.)*, 761 F. App'x 553, 559 (6th Cir. Jan 24, 2019) (citing 28 U.S.C. § 1334(a); *Robinson v. Mich. Consol. Gas Co.*, 918 F.2d 579, 583 (6th Cir. 1990)).

Within the jurisdictional grant under § 1334(b), a court has authority to determine whether a proceeding is core or non-core under 28 U.S.C. § 157. *See In re HNRC Dissolution Co.*, 761 F. App'x at 561 ("Even when there is subject matter jurisdiction under § 1334(b), the court may nonetheless be required to abstain from hearing certain 'non-core' proceedings under § 1334(c)(2) . . . ."). This dichotomy between core and non-core proceedings under 28 U.S.C. § 157 "allocates statutory authority to enter final judgment between district courts and bankruptcy courts." *Id.*; *see also Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 670, 135 S. Ct. 1932, 1940 (2015). "That allocation does not implicate questions of subject matter jurisdiction." *In re HNRC Dissolution Co.*, 761 F. App'x at 561 (quoting *Stern v. Marshall*, 564 U.S. 462, 480, 131 S. Ct. 2594, 2607 (2011)); *see also In re E.C. Morris Corp.*, 523 B.R. at 81 n.4 ("Section 157 does not create jurisdiction when it does not exist under § 1334." (citation omitted) (internal quotation marks omitted)).**[8]**

Core proceedings are those that involve rights created by the Bankruptcy Code. 28 U.S.C. § 157(b)(2). *Amedisys, Inc. v. Nat'l Century Fin. Enters.* (*In re Nat'l Century Fin. Enters., Inc.*), 423 F.3d 567, 573-74 (6th Cir. 2005). The Sixth Circuit has "consistently described a core proceeding as one that 'either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy.'" *In re HNRC Dissolution Co.*, 761 F. App'x at 561 (quoting *Lowenbraun v. Canary* (*In re Lowenbraun*), 453 F.3d 314, 320 (6th Cir. 2006)). On the other hand, a "*non*-core proceeding is one that is not core but" is otherwise "related to" a case under title 11. *Id.* (quoting *Exec. Benefits Ins. Agency v. Arkison*, 573 U.S. 25, 34, 134 S. Ct. 2165, 2172 (2014)). Proceedings "arising under title 11" or "arising in" a case under title 11 are "core" proceedings, while proceedings "related to" a case under title 11 are referred to as "non-core" proceedings. *In re Nat'l Century Fin. Enters., Inc.*, 423 F.3d at 574 (citing *In re Combustion Eng'g, Inc.*, 391 F.3d 190, 225–26 (3d Cir. 2004)).

With this background on core and non-core proceedings in mind, we return to the scope of jurisdiction for a non-core proceeding "related to" a case under title 11. 28 U.S.C. § 1334(b).

---

**[8]**As a corollary to the principle that 28 U.S.C. § 157 does not create jurisdiction when it does not exist under § 1334, if a court lacks jurisdiction, then there is generally no need to determine whether a proceeding is core or non-core under § 157 "because § 157 only comes into play if the court first determines it has jurisdiction under § 1334." *In re E.C. Morris Corp.*, 523 B.R. at 81 n.4 (citation omitted) (internal quotation marks omitted).

"An expansive definition of 'related to' jurisdiction governs § 1334(b)." *In re HNRC Dissolution Co.*, 761 F. App'x at 559. "Related to" proceedings are those where "the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy." *Kelley v. Nodine* (*In re Salem Mortg. Co.*) 783 F.2d 626, 634 (6th Cir. 1986) (quoting *In re Gen. Oil Distrib., Inc.*, 21 B.R. 888, 892 n.13 (Bankr. E.D.N.Y.1982)). "In other words, there is 'related to' jurisdiction if the *outcome* of the proceeding could *conceivably* 'alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively)' or otherwise impact 'the handling and administration of the bankrupt estate.'" *In re HNRC Dissolution Co.*, 761 F. App'x at 560 (quoting *Lindsey v. O'Brien, Tanski, Tanzer & Young Health Care Providers of Conn.* (*In re Dow Corning Corp.*), 86 F.3d 482, 489 (6th Cir. 1996)). Here, finding that the adversary proceeding was neither a core proceeding nor a non-core proceeding that was otherwise "related to" a case under title 11, the bankruptcy court dismissed the adversary proceeding for lack of jurisdiction.

Debtor asserts that the bankruptcy court has jurisdiction because "[Nationstar/]Aurora is an unsecured debt and should be discharged as an unsecured debt" in her bankruptcy case. She asserts "[t]his alone is within the court's jurisdiction." (Appellant's Br. at 3, BAP Case No. 22-8012, ECF No. 7.) In her reply brief, Debtor argues that her claims asserted in the complaint constitute a core proceeding because "the validity of the lien falls within the rules of the bankruptcy court as stated in [28 U.S.C. § 157(b)(2)] paragraph K[.]" (Appellant's Reply Br. at 1, BAP Case No. 22-8012, ECF No. 10.)

The bankruptcy court, however, correctly concluded that it did not have jurisdiction over the claims stated in the complaint because the claims did not constitute a "core" proceeding. Debtor's complaint asked the bankruptcy court to adjudicate the validity of Nationstar/Aurora's lien after she had already received a discharge of personal liability, the bankruptcy case had been closed, and whatever interest she had in property of the estate, including the Property, was abandoned to Debtor under 11 U.S.C. § 554(c). Once the case was closed, the Property was no longer included in the estate, so the question of the validity of the bank's lien did not invoke bankruptcy rights. When Debtor's case came to an end, so did the bankruptcy court's exclusive jurisdiction over the Property.

Debtor's complaint asserts that the lien and debt were discharged in the underlying bankruptcy case, but Debtor had not sought avoidance of the mortgage, nor had the bankruptcy court ruled that it was invalid.  Once the case was closed and the Property abandoned, Nationstar/Aurora's lien (if any) passed through Debtor's bankruptcy unaffected.  The issue of its validity was no longer a question for the bankruptcy court.  Moreover, Debtor does not assert a violation of the discharge order's injunction in her adversary complaint.  She does not argue that the mortgagee is attempting to collect the discharged debt from her personally.  Rather, her complaint seeks to re-litigate issues regarding the validity of the lien against the Property in an attempt to avoid foreclosure.

Debtor's arguments before the bankruptcy court and this Panel overstate the nature and extent of a bankruptcy discharge.  Debtor received a bankruptcy discharge of her personal liability on the loan.  But that discharge does not eliminate enforcement of the mortgagee's *in rem* rights against the property.  "A discharge order generally extinguishes a debtor's personal liability for pre-petition debts.  [*Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019).]  However, 'a bankruptcy discharge extinguishes only one mode of enforcing a claim—namely, an action against the debtor *in personam*—while leaving intact another—namely, an action against the debtor *in rem*.'"  *Berry v. Fay Servicing, LLC* (*In re Berry*), No. 21-8005, 2022 WL 4115752, at *11 (B.A.P. 6th Cir. Sept. 9, 2022) (quoting *Johnson v. Home State Bank*, 501 U.S. 78, 84, 111 S. Ct. 2150, 2154 (1991)).  Here, Debtor did not seek, and is not seeking, lien avoidance under any provision of the Bankruptcy Code.[9]  Without an on-going bankruptcy case or questions of Debtor's personal liability, the issue of the validity of the lien is simply not a bankruptcy question.

---

[9]Debtor does assert that her chapter 7 bankruptcy discharge somehow avoided the mortgage lien. However, even if the real estate held in the irrevocable trust was property of the estate, her assertion is patently incorrect based on clear and binding Supreme Court case law, the fact that she took no action to avoid the lien in the 2011 bankruptcy case, and the fact that the lien on the Property did not even exist in 2011—it arose from the Tennessee state court decision in 2015. *See Dewsnup v. Timm*, 502 U.S. 410, 417–18, 112 S. Ct. 773, 778 (1992); *Farrey v. Sanderfoot*, 500 U.S. 291, 297, 111 S. Ct. 1825, 1829 (1991).  The mere fact that Aurora may have held an unsecured co-debtor claim at the time of filing does not defeat Aurora's *in rem* rights acquired after the bankruptcy case was closed.  The Bankruptcy Appellate Panel for the Sixth Circuit has previously rejected such "nonsensical" arguments. *See, e.g.*, *Doucet v. Drydock Coal Co.* (*In re Oakley*), 421 B.R. 602, 2009 WL 1687775, at *4 (B.A.P. 6th Cir. June 18, 2009) ("His assertion in his brief that the court lacks jurisdiction because of the legend on the stock is simply nonsensical.").

> The usual articulation of the test for determining whether a civil proceeding is related to bankruptcy is whether *the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.* Thus, the proceeding need not necessarily be against the debtor or against the debtor's property. An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Nu-Cast Step & Supply, Inc.*, 639 B.R. 440, 447 (Bankr. E.D. Mich. 2021) (citation omitted).

In the present case, there is no bankruptcy estate to affect by litigation regarding the validity of the lien. Debtor filed her case over a decade ago. The Trustee abandoned all assets, Debtor received a discharge, and the case was closed. Without a bankruptcy estate to administer, this proceeding would not have any estate to conceivably affect. Thus, this matter was not "related to" a case under title 11.

The ministerial act of reopening the bankruptcy case does not automatically revive the bankruptcy estate. *See Menk v. Lapaglia* (*In re Menk*), 241 B.R. 896, 914 (B.A.P. 9th Cir. 1999) ("In short, mere reopening has no impact on property of the debtor, no impact on property of the estate that was abandoned at the time of closing, and does not automatically reinstate the trustee."). The fact that Debtor's case was reopened does not create "related to" jurisdiction regarding the validity of Nationstar's lien. Any claims regarding the validity of the lien can be (and appear to have been already) litigated in the appropriate state or federal courts.

**CONCLUSION**

The bankruptcy court, in a well-reasoned opinion, correctly held that it lacked jurisdiction over the adversary proceeding. The bankruptcy court's order dismissing the adversary proceeding is **AFFIRMED**.